**John DEL PESCHIO**

v.

**Camille DEL PESCHIO, Appellant.**

**No. 15274.**

United States Court of Appeals
Third Circuit.

Submitted Sept. 17, 1965.

Decided Jan. 7, 1966.

Rehearing Denied Feb. 21, 1966.

James A. Bough, Charlotte Amalie, St. Thomas, V. I., for appellant.

Everett B. Birch, Charlotte Amalie, St. Thomas, V. I. (Birch, Maduro & de Jongh, Charlotte Amalie, St. Thomas, V. I., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the wife defendant from a decree of the District Court of the Virgin Islands granting the husband plaintiff an absolute divorce upon the ground of incompatibility of temperament and denying alimony to the wife defendant.

The parties were married in New Jersey on October 8, 1958 and lived together in that State until their final separation in November 1960. No children were born of the marriage. In 1960 the wife brought suit in the Superior Court of New Jersey for divorce from bed and board and the husband counterclaimed in that suit for absolute divorce on the ground of extreme cruelty. After a hearing, both the wife's complaint and the husband's counterclaim were dismissed on October 4, 1963 by the New Jersey court with prejudice. Meanwhile the husband had given up his dental practice

in New Jersey and had removed to Charlotte Amalie in the Virgin Islands where he now resides and is employed. On November 18, 1963 he filed a suit for divorce against the wife in the District Court of the Virgin Islands. It is in this suit that the decree, now before us on appeal, was entered on November 24, 1964.

At the trial in the District Court on November 4, 1964, both parties testified at length and were subjected to searching cross-examination. The trial judge, after hearing the evidence, found that a state of incompatibility of temperament exists between them and that it is the result of conflicts of personalities and dispositions so deep as to be irreconcilable and to render it impossible for the parties to maintain a normal marital relationship with each other. It would serve no useful purpose for us to recount the marital difficulties which the evidence disclosed. The trial judge had the parties before him and could observe their demeanor and attitudes toward each other, facts which he was entitled to take into account but which cannot appear in the transcript before us. See Bradley v. Bradley, Okl. 1955, 284 P.2d 434. With this in mind and after carefully examining the whole record we cannot say that the trial judge's findings are clearly erroneous.

The defendant set up the defense of res judicata in her answer. She here asserts that the instances of alleged cruelty to which the plaintiff testified in the District Court had been alleged and testified to by him in the Superior Court of New Jersey in support of his counterclaim for absolute divorce on the ground of extreme cruelty and had been adjudicated against him by that court when it dismissed his counterclaim on October 4, 1963. Accordingly, says the defendant, the plaintiff was barred under the doctrine of res judicata from asserting in the District Court these same instances of alleged cruelty in support of his suit for absolute divorce upon the ground of incompatibility of temperament. This contention is wholly lacking in merit.

In the first place the defendant failed to support her contention with proof showing what were the allegations of the plaintiff's counterclaim as to alleged cruelty, what was the evidence which he offered in support of them and what were the findings of the New Jersey court with respect to them. All that appears in the record is the final decree of the court dismissing both the complaint and the counterclaim.

Furthermore it is clear that the defense of res judicata asserted by the defendant is not available to her in this case as a matter of law. For it is the rule in the Virgin Islands as elsewhere that a judgment denying a divorce upon one ground does not bar the plaintiff under the doctrine of res judicata from maintaining another action for divorce upon other grounds even though they existed and were known to him prior to the bringing of the first action. Restatement, Judgments § 74, Comment d. See, also, Connor v. Connor, 1951, 168 Pa.Super. 339, 77 A.2d 697; Larsen v. Larsen, 1958, 392 Pa. 609, 141 A.2d 353; Freedman, Law of Marriage and Divorce, 2d ed., p. 1339, and Annotation 4 A.L.R. 2d 107, et seq. This is true unless the defendant can show with certainty that there were litigated and adjudicated in defendant's favor in the first suit the precise factual issues necessary to establish the material elements of the new ground of divorce asserted in the second suit. Stone v. Stone, 1959 Fla.App., 111 So.2d 486, 489. However, in order to establish "extreme cruelty", a ground for divorce authorized by the New Jersey law, N.J.S.A. 2A:34–2(c), it is necessary to prove that the defendant's acts or conduct have endangered the health or jeopardized the safety of the plaintiff, Capozzoli v. Capozzoli, 1949, 1 N.J. 540, 64 A.2d 440; Friedman v. Friedman, 1955, 37 N. J.Super. 52, 116 A.2d 793; a quantum of proof which, as we shall see, is not required in the Virgin Islands to establish incompatibility of temperament, the ground here relied on by the plaintiff.

Moreover, the doctrine of res judicata is particularly inappropriate for application to a situation, such as that now before us, where the first suit was based upon a ground for divorce—extreme cruelty—which is of the traditional Anglo-American type predicated upon the sole fault of the other spouse, while the second suit is based upon a ground for divorce—incompatibility of temperament—which is of a wholly different type derived from the former Danish law and in which fault is not a determining factor. The basic differences between these two types of grounds for divorce are pointed out in a scholarly discussion of the subject which appears as part II in Judge Freedman's opinion dissenting on the facts in Shearer v. Shearer, 1965, 356 F. 2d 391, V.I.

To obtain a decree of divorce in New Jersey on the ground of extreme cruelty it must appear, as we have said, that the defendant has been guilty of such cruel acts or conduct as to endanger the health or jeopardize the safety of the plaintiff and, if the defense of recrimination is raised, as it may be, Galoppa v. Galoppa, 1932, 110 N.J.Eq. 481, 160 A. 395; Huster v. Huster, 1960, 64 N.J.Super. 29, 165 A.2d 305, that the plaintiff is innocent of a matrimonial offense. On the other hand, to obtain a decree of divorce in the Virgin Islands on the ground of incompatibility of temperament it need only appear that, for whatever reason, there exists between the parties a conflict in personalities and dispositions so deep as to be irreconcilable and to render it impossible for the parties to continue a normal marital relationship with each other.

 It is the fact that the marriage has in truth ended because of the hopeless disagreement and discord of the parties which is the determining factor in a case of incompatibility of temperament rather than the causes of the unhappy state, whether they be volitional, or the result of predisposition or are of congenital origin on the part of one or both of the spouses. Burch v. Burch, 3 Cir.1952, 195 F.2d 799, 807, 2 V.I. 559, 572–573; Shearer v. Shearer, 3 Cir.1965, 356 F.2d 391, V.I. Accordingly the fact that the plaintiff's disposition and conduct may have contributed to the incompatible state of the parties does not defeat his suit, although misconduct on his part may be considered by the court along with all the other evidence in determining whether, in the discretion of the court, the best interests of the parties and of the public will be served by the granting of a divorce. Burch v. Burch, 3 Cir.1952, 195 F.2d 799, 810, 2 V.I. 559, 579; Shearer v. Shearer, 3 Cir.1965, 356 F.2d 391, V.I. For in the sense used in the Virgin Islands statute, as we pointed out in the Burch case, "incompatibility of temperament necessarily involves both parties. While one spouse may have a more normal temperament than the other and the overt acts evidencing incompatibility may come largely from the other spouse, it is inconceivable that a husband's temperament can be compatible with that of his wife if hers is incompatible with his." 195 F.2d 808, 2 V.I. 574.

What was said by the Supreme Court of New Mexico in Bassett v. Bassett, 1952, 56 N.M. 739, 751–752, 250 P.2d 487, 495, is pertinent here. The court there said:

"Either spouse may bring a [suit for] divorce in New Mexico on the ground of incompatibility and may secure a divorce upon such grounds without alleging or proving that the defendant is in any way guilty of any misconduct or is responsible for, or that his conduct or actions created such state of incompatibility. If the incompatibility be established by the evidence in the trial court a divorce may be granted without any determination as to whether either, both or neither of the parties is responsible for or caused the incompatibility. That is, it is not incumbent upon the plaintiff who brings the divorce proceeding upon the ground of incompatibility to show any misconduct or guilt against the defendant but it is only incumbent upon the plaintiff to

establish by the evidence that a state of incompatibility exists regardless of whether it is anyone's or no one's fault."

■ Accordingly, in determining whether a married pair are so incompatible as to justify a divorce on that ground the inquiry is not as to the fault of either or both but rather as to whether their marital barque has so far foundered upon the rocks of disharmony and discord as to be beyond the possibility of salvage. It is to the question whether the marriage is in fact ended because of the basic unsuitability of the spouses for each other, as shown by the events of their married life, rather than to the causes of the state in which they find themselves, that the court must direct its inquiry in determining whether incompatibility of temperament exists.

It will thus be seen that the grounds for divorce which the plaintiff asserted in his counterclaim in New Jersey and the grounds which he is asserting in the present suit are so fundamentally dissimilar in character and in the nature of the evidence required to establish them as to preclude the doctrine of res judicata being applicable.

■■ The defendant also urges that the district court erred in refusing her an allowance of alimony. Such a grant is, however, within the sound discretion of the district court, having regard to the conduct of both parties, the amount of property of each and all the other circumstances of the case. 16 V.I.C. § 109; Burch v. Burch, 3 Cir.1952, 2 V.I. 559, 581–582, 195 F.2d 799, 811–812. Our examination of the record in this case satisfies us that the district court did not abuse its discretion in refusing the defendant an award of alimony.

We have considered the other points raised by the defendant but find them so lacking in merit as to require no discussion here.

The decree of the district court will be affirmed.