**RALPH M. PAIEWONSKY, Plaintiff**

**v.**

**BERT L. PAIEWONSKY, Defendant**

Civil No. 9-1970

District Court of the Virgin Islands
Div. of St. Thomas and St. John

August 13, 1970

CHRISTIAN, *Chief Judge*

By FRANK BLACKMAN, *Deputy*

### MEMORANDUM AND ORDER

Before the Court at this time for its decision are the following motions:

(1) Motion of defendant dated April 17, 1970 which seeks to have certain corporate books, records, and financial statements produced for inspection and copying, pursuant to Rule 34 of the Federal Rules of Civil Procedure;

(2) Motion of plaintiff dated May 7, 1970, seeking (a) to have the Court deny defendant's motion to produce; (b) to suppress testimony adduced by defendant on March 19 and 20, 1970 on oral deposition of plaintiff; and (c) to terminate all further examination of plaintiff prior to trial; and

(3) Motion of defendant dated May 18, 1970 which seeks, pursuant to Rule 37 of the Federal Rules of Civil Procedure, an order directing plaintiff to appear and submit to continued examination on oral deposition.

The bases of the motions and cross-motions are closely intertwined and, thus, the motions may be discussed together.

█ Plaintiff has requested suppression of the testimony given by him on oral examination and has moved to terminate such examination. He contends that the examination unduly and unjustly concentrates on his financial circumstances. In the view I take of this matter as expressed below, I do not agree with this contention. Moreover, I do not find that the examination was conducted in bad faith nor in such manner as might be categorized as

unreasonable, annoying, embarrassing, or oppressive. For these reasons, I conclude that plaintiff is not entitled to have the oral deposition terminated, pursuant to Rule 30 (d). I conclude also that no satisfactory showing has been made to warrant the suppression of the deposition as authorized by Rule 32(d).

In this divorce action, it appears, defendant bent her efforts on oral examination to an attempt to determine the total earnings and worth of plaintiff, including his stock holdings and financial dealings with A.H. Riise, Inc. Plaintiff protests that such inquiry is not relevant to any issue raised in this case, and that it is unduly burdensome, unreasonable and annoying. Defendant, on the other hand, urges that the possible award of alimony is a highly relevant matter, and that the thrust of the oral examination as well as the request for production for inspection and copying of the corporate records of A.H. Riise, Inc. is not only relevant and material, but is absolutely necessary for a just determination of that aspect of this cause.

■ It is well settled that in arriving at a determination as to an award of alimony to a wife, the Court must take into consideration several factors, one of which is the husband's financial ability to pay alimony. Poe v. Poe, 49 F.2d 40 (3 Cir. 1969). Not only may the Court further consider the conduct of both parties, but it must also, of necessity, take into consideration the amount of property owned by each of the parties as well as all the circumstances (including financial) of the case. Burch v. Burch, 195 F.2d 799 (3 Cir. 1952). See also, Del Peschio v. Del Peschio, 356 F.2d 402 (3 Cir. 1966).

■ Viewed in the light of the teaching of the cases cited above, it becomes readily apparent that the quantity and value of the plaintiff's stock holdings in A.H. Riise, Inc. is highly germane to the determination of a possible

award of alimony. I hold therefore that records bearing on plaintiff's stock ownership and his total financial transactions with A.H. Riise, Inc., of which he is admittedly at least a 35% stockholder, are relevant, and that good cause has been shown for the production of such records.

 ██ Plaintiff has raised objection to the fact that defendant seeks to have produced for inspection and copying records which go back as far as the year 1960. I do not regard the wide span of the period covered, extensive though it be, as a reason to deny defendant the production of the books, if they are otherwise pertinent. Discovery may be had as to acts prior to the period upon which an action is based. (See 4 Moore's Federal Practice, p. 1194 and the cases cited at footnote 26.) In the circumstances of this case, I consider defendant's demand justified and reasonable, for in her quest to marshal sufficient evidence to indicate to the Court what a fair award of alimony would be, if alimony is to be awarded, the earnings and the financial doings of the parties during the years of the marital life should not be disregarded. Admittedly, the parties were married on March 12, 1960.

 Rule 34 expressly empowers the Court to order the production "of any designated documents, papers, books, etc." Though Rule 34, and indeed all the Federal Rules of Procedure, is to be accorded, a liberal, rather than a restricted construction, as a guiding principle in effectuating the spirit of the rule, it is clear that the object sought to be produced for inspection and copying should be designated with reasonable specificity. Some courts apply a more liberal standard than others in determining whether there has been a sufficient designation within the meaning of the rule. By any standard, however, plaintiff's motion* falls considerably short of the mark. Despite the fact that the time-honored cry of "fish-

---

* Should probably read ". . . defendant's motion. . . ."

ing expedition" may no longer serve to preclude a party from inquiring into pertinent facts, Hickman v. Taylor, 329 U.S. 495, 507 (1947), the language of defendant's motion is at best ambiguous, but in any event, far too broad. Defendant asks that plaintiff be ordered to produce:

"Corporate books, including but not limited to stock ledgers and financial records, including but not limited to, the financial statements of A.H. Riise, Inc., for the years 1960 to the present . . . ."

In the light of the accompanying affidavit, the thrust of the motion becomes apparent. But if it purports to ask that A.H. Riise, Inc. be made to produce all of its corporate books, stock ledgers, financial records and financial statements for the years mentioned, so wide-ranging a demand cannot be countenanced. Obviously, not all the records of A.H. Riise, Inc. are pertinent. Defendant's demand should be restricted to at most such records of the corporation which bear on the extent and value of plaintiff's stock holdings, the outstanding obligations, if any, between plaintiff and A.H. Riise, Inc., and in sum, such records of the corporation as are relevant, copies of which plaintiff as a 35–40% stockholder is entitled to demand.

█ Objection to defendant's demand is well taken on the further ground that defendant has not shown that the records, which she seeks, are in the possession or control (active or constructive) of plaintiff. Defendant should therefore satisfy the requirements of the rule in making her demand (1) by specifically designating the documents sought, at least by categories, and (2) by restricting such demand to records which are either in plaintiff's actual possession or which may be deemed constructively to be under his control by reason of the fact that he is entitled to demand and obtain from the corporation copies of such records. See Tollefsen v. Morris Phillips, et al., 16 FRD 348 (D.C. Mass. 1954) and Karlsson v. Wolfson, 18 FRD 474 (D.C. Minn. 1956), where a party not being in possession of copies of his income tax return for a given year

was ordered to produce the same, since he had a right to obtain them from the Government, for which reason they were deemed to be within his constructive possession.

ORDER

The premises considered, therefore,

IT IS ORDERED, that:

(1) Plaintiff produce for copying and inspection all the documents which, by counsel, he consented to produce on March 6, 1970, and which agreement of the parties was confirmed by order of the Court dated March 11, 1970;

(2) The plaintiff's motion, requesting that the information obtained on oral examination on March 19 and 20, 1970 be suppressed, be and the same is hereby denied;

(3) Plaintiff's motion to terminate all further examination of plaintiff before trial be and the same is hereby denied;

(4) The plaintiff appear for further and continued examination on oral deposition; and

(5) Defendant within thirty days from the date of this order amend its motion for the production of documents to conform to the requirements of Rule 34 of the Federal Rules of Civil Procedure, designating the records and other documents sought to be produced and making prima facie showing that such records are either in the possession, or under the control, of plaintiff, failing which defendant will be deemed to have abandoned her said motion.