**JOAN F. PFISTER, Plaintiff**

**v.**

**FRANK J. PFISTER, Defendant**

Family No. D47/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

July 31, 1985

CHRISTIAN, *Judge*

## SUBSTITUTE MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The above-titled case is a follow-up, a sequel, to case described as Family No. 640/1978, in which a decree of legal separation was entered on the complaint of plaintiff herein on March 24, 1979. In that decree, the questions of alimony and division of property were reserved, and later decided.

The above-titled case was filed on February 19, 1982. It prayed for a divorce absolute, alimony and property settlement a second time, costs and attorney's fees, but there is no reference made in the complaint to the fact that there had been a prior case between the same parties, Family No. 640/1978, and the matters adjudicated in that case, namely, the limited divorce, and the questions of alimony and property settlement. Therefore, it appears that the Honorable Judge Verne A. Hodge, who originally presided in this (second) case, Family No. D47/1982, was unaware of this history, treated the matter as entirely new, granted a decree of divorce absolute to the parties on March 24, 1982, and reserved for future determination the same two questions of alimony and property settlement which were disposed of in the preceding case, Family No. 640/1978. While originally in this prior case, the Court granted only a decree of legal separation on March 24, 1979, on eventual stipulation of the parties, the Court signed an Order, dated July 31, 1979, amending the Decree of Legal Separation, incorporating the terms of an agreement, dated May 3, 1979, providing for payment of alimony and the division of property. While the stipulation motions and order say property settlement only, the agreement, in Paragraph 14, provides for support also; and, presumably, the $150.00 per week provided therein is the amount plaintiff received from May 3, 1979, the date of the agreement, or, at worst, from July 31, 1979, the date the Court signed the Order, to the present time.[1]

At this juncture, the matter was transferred by the Presiding Judge to the undersigned for such actions as the Court deems appropriate.

## II. THE ISSUES PRESENTED

A. Whether the questions of alimony and the division of property raised and adjudicated in the legal separation action in Family No. 640/1978, are res adjudicata?

B. Whether the enforcement of the separation agreement should be effected in an action for breach of contract or in a contempt proceeding brought against the defendant for violation of the requirements of the Judgment in a completely different action or in the action sub judice.

C. Whether the request for alimony and property settlement in

---

[1] See "Agreement Between Frank and Joan Pfister", dated May 3, 1979, Case numbered Family No. 640/1978.

the action sub judice should be treated as a request for modification of the March 24, 1979, decree, as amended July 31, 1979.

## III. DISCUSSION

### A.

■ ■ The final judgment of a court of competent jurisdiction on the merits is conclusive of the rights of the parties and acts as a bar to any subsequent action involving the same claim. Res judicata extends only to the facts and conditions as they existed at the time the judgment was rendered.

> The general rules of res judicata as a bar or estoppel apply to judgments and decrees in actions for a judicial separation or limited divorce. Thus, a final and valid judgment rendered in a suit for separation operates as a bar to any subsequent action for an absolute divorce based upon the same cause, and both parties are alike concluded by the judgment.

24 Am. Jur. 2d, Divorce and Separation, Section 508 (1966). This theory is also supported as a general rule of preclusion by the law of the Virgin Islands. Restatement (Second) of Judgments Section 27.[2]

■ ■ In the case sub judice, the issues of alimony and division of property were settled and incorporated into the decree of legal separation.[3] This decree acted as a bar, and therefore these questions may not be relitigated by either party. See Restatement (Second) of Judgments Section 17(3). Case law in the Virgin Islands supports the theory that a divorce decree becomes res judicata on matters determined at the time the divorce was rendered. Phaire v. Phaire, 17 V.I. 236 (1981). Even though unlike Phaire, the Family No. 640/1978 case involves a legal separation and not an action for absolute divorce, the same principle applies. The fact that the parties obtained a limited divorce and the adjudication of their alimony and division of property matters in the earlier case, however, did not bar either party from subsequently taking action to obtain a decree of divorce absolute, which was properly granted in 1982, on separate grounds. Cf. Del Peschio v. Del Peschio, 356 F.2d 402, 5 V.I. 461 (C.A. 3d 1966).

---

[2] The Restatement of the Law, under certain conditions, is the law of the Virgin Islands. 1 V.I.C., Section 4.

[3] See Order of Judge Henry L. Feuerzeig amending the Decree of Legal Separation of March 25, 1979, dated July 31, 1979.

## B.

The manner of enforcement of the 1979 separation agreement rests on whether or not the agreement was merged into the 1979 decree. Any violation of the agreement can be handled in one of two ways. If the agreement was merged in the decree, then the original claim, here the breach of the agreement, is extinguished, is superseded by the judgment, and relief for failure to comply with the requirements and directions of the judgment must be sought by pursuing the route of having the defendant held in contempt and punished therefor. This contempt proceeding is of course a new claim based on the terms of the judgment. Restatement (Second) of Judgments, Section 17.

If on the other hand the agreement did not merge in the judgment, then claims arising from breach thereof are not extinguished or superseded by the Judgment. But the correct course to pursue to obtain relief is not a new action for divorce, limited or absolute, but an action for breach of the agreement, for breach of contract. Id. Sections 17 and 18.

In the case sub judice, the separation agreement was entered into after (May 3, 1979) the Court entered the decree of separation (March 24, 1979). This result was accomplished by three separate steps. On July 9, 1979, the plaintiff moved the Court for an order amending decree "to incorporate therein the terms and provisions of an agreement entered into between the parties dated May 3, 1979, attached as Exhibit 'A', settling between them the division of property" [underscoring ours]. On July 19, 1979, the defendant filed his consent to the motion. Finally, on July 31, 1979, the Court entered its Order amending the decree by addition of new paragraph (3), which read: "The terms and provisions of the agreement entered into between the parties, dated May 3, 1979, a copy of which is attached hereto, be and hereby is incorporated into the decree".

In Statzer v. Statzer, Family No. D168/1980, on a motion to hold defendant for contempt, decided May 4, 1984, this Court spoke at length on the question of when a separation agreement is merged in a divorce decree, and whether the correct remedy to be sought by the movant is on the agreement for breach thereof, or on the judgment for failure of the defendant to abide by its terms. The expressions embodied in that opinion are indeed very instructive, particularly, that which states that "Clark's use of the word 'incorporation' for purposes of contempt proceedings, is synonymous with 'merger'". Clark, Law of Domestic Relations, Section 16.12, at 556 (1968). The

Court further quotes Clark: "As such, '[i]f the separation agreement is incorporated in the divorce decree, the courts find that the contractual obligations of the agreement are <u>converted</u> into obligations based upon the decree by the process called "merger"'." [Underscoring ours.] Id. at 554.

■ In the case at bar the agreement was duly executed by both parties, each with the benefit of separate counsel freely and independently chosen. The defendant consented to the agreement after he had had ample time to study its terms, ten days after it was submitted to him and his counsel. The Court was furnished a copy of the agreement, it having been attached to the Motion for its incorporation in the decree. Therefore, following the criteria prescribed by Clark mentioned above, this Court can appropriately hold that the separation agreement of the parties was "incorporated" or "merged" into the decree and is enforceable by the contempt, rather than by the new action for breach of the agreement, route.

But neither of these steps is pertinent in the case before us, for here the party claiming to be injured is pursuing neither of these alternatives. She is suing in an action for divorce absolute, which has already been granted along the way, to have relitigated the questions of property settlement and alimony. In its decree of May 24, 1982, this Court stated that it left the question of alimony to the agreement of the parties; and with regard to the division of property added "Plaintiff shall have exclusive possession of the family dwelling until the matter of property division is settled". As we indicated earlier, it appears that the parties never apprised Judge Hodge of all the judicial proceedings which preceded the commencement of the above-titled action, which had been presided over by Judge Feuerzeig, so that Judge Hodge could be fully informed of the nature and extent of these proceedings and the legal effects of the judicial determinations made therein. Our reading of the transcript of the proceedings held before Judge Hodge in the present case confirms this fact.

■ Therefore, on this second Issue presented to the Court for decision, we hold that enforcement of the questions of alimony and division of property, settled and agreed to by the parties in their agreement of May 3, 1979, being res adjudicata by virtue of said agreement and its incorporation in the decree of this Court of March 24, 1979, as amended, must be sought either by an action for contempt for failure to comply with the terms of the judgment, if plaintiff takes the position that the agreement is merged in the decree of

legal separation; or such relief must be sought by pursuing the route of commencing an action for breach of contract, if plaintiff takes the position that the separation agreement is not merged in the decree. But the relitigation of these questions in a new action for divorce, limited or absolute, which is the case before us, is inappropriate.

### C.

Nor can the request for alimony and property settlement in this action be properly treated as a request for modification of the decree of 1979, for the manifest reason that there are no pleadings before us to justify such a conclusion, or the granting of such relief.

It must be borne in mind that here we are dealing only with the questions of alimony and the division of property, both of which were judicially decided in the 1979 decree. Vastly different legal and factual criteria apply and must be met to justify such action by the Court.

The divorce absolute has already been granted and no change is asked in that respect.

The question of alimony has already been decided. If the Court is asked to order a change in the existing award, the petitioner must plead and prove to the satisfaction of the Court a sufficiently substantial change of economic and other relevant circumstances to justify such judicial intervention. There are no such pleadings in the case before us.

As to the division of property between the parties, that too has already been decided by the decree of the Court of March 24, 1979. This resulted in the creation and existence of property rights, which are now vested rights. Even if there were pleadings before the Court capped by a prayer to modify the division which has thus been in place for the last six years, the Court would be powerless to grant such relief based on the property rights of the parties arising solely by virtue of the marital union.

### IV. CONCLUSION

For the foregoing reasons, it should be clear that the instant case, to the extent that it calls on the Court, with the pleadings and other papers on record, to make any decree, or modification of any decree, with respect to alimony and division of property, must be dismissed.

### ORDER

Based on the Substitute Memorandum Opinion and Order issued in above-titled matter on this date, it is hereby

ORDERED, that, to the extent that the instant case calls on the Court, based on the pleadings and other papers on file, constituting the record of the case, to make any decree or modification of any decree, with respect to alimony and the division of property between the parties, the case is dismissed with prejudice. Clearly, this dismissal in no way affects the rights of the parties to bring action for relief on the Judgment, for contempt, or on the contract, for breach thereof, at their election.