**Frances Seeley LINDBERG, Plaintiff-Appellant,**

v.

**SAFEWAY STORES, INC., a corporation, Defendant-Respondent.**

**No. KCD 27306.**

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

Carl F. Sapp, Sapp, Woods, Dannov & Orr, Columbia, for plaintiff-appellant.

Warren D. Welliver and William A. Atkinson, Welliver & Simon, Columbia, for defendant-respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J. and TURNAGE, J.

TURNAGE, Judge.

Plaintiff sought damages from the defendant as a result of a fall in defendant's store in Columbia. Following a verdict and judgment in favor of defendant, plaintiff appeals on the sole ground the trial court erred in "sustaining defendant's motion to quash the subpoena duces tecum" for the production of a report of plaintiff's fall made by defendant's assistant store manager.

By a subpoena duces tecum, plaintiff sought to force defendant's store manager and assistant manager to produce at trial a written report of plaintiff's fall made by the assistant manager within a few minutes after the accident. A motion to quash the subpoena duces tecum was filed and the parties have treated the court's order as sustaining that motion. Defendant now argues the court erred in quashing the subpoena because the report was admissible in

evidence. Defendant urges the court was correct because the question is one of *discoverability* rather than *admissibility*.

Plaintiff primarily relies on two cases to support her position. These are *Shelton v. Wolf Cheese Company*, 338 Mo. 1129, 93 S.W.2d 947 (1936) and *State ex rel. S. S. Kresge Co. v. Shain*, 340 Mo. 145, 101 S.W.2d 14 (1936). In relying on these cases to buttress her position, plaintiff has failed to distinguish between evidence which may be admissible and evidence which may be required to be disclosed. In *Shelton* and *Kresge* the court dealt with the admissibility of statements made by an agent as against either the principal or the agent himself.

In contrast, this case concerns the discoverability of a written report made by an agent to his principal on an accident which occurred on the principal's premises. This case is thus covered by the rules concerning the discoverability of work product and privileged communications. For that reason, this case is governed by *State ex rel. Terminal R. Ass'n of St. Louis v. Flynn*, 363 Mo. 1065, 257 S.W.2d 69 (banc 1953). There it was held that photographs taken immediately after an accident were protected from discovery because they were "work product" and were privileged as coming within the purview of communications between attorney and client. In that case, the court stated at 257 S.W.2d 73[10]: "[a] statement concerning an accident obtained by an employer from his servant for the bona fide purpose of being later transmitted to the employer's attorney for advice, or to be used by the attorney in connection with pending or threatened litigation, is privileged, because it is part of the communication from the client to his counsel".

In this case there can be no doubt the report was made by the assistant manager for the purpose of giving information to the defendant to be used in case of litigation arising from plaintiff's fall. Such conclusion is based not only on hindsight, but on the realities of the situation which arises when a customer falls in a business establishment.

Under the holding in *Flynn*, the report in this case made by the assistant manager to the defendant was privileged and for that reason was not subject to discovery or production on the part of the plaintiff.

A very similar situation arose in *Martin v. Lingle Refrigeration Co.*, 260 S.W.2d 562 (Mo.1953) in which a subpoena had been issued for production at trial of a statement made by two of the defendants. The court ruled the statement was not subject to production by subpoena because it was privileged. The court relied on *Flynn* in so holding.

In *State ex rel. Kroger Company v. Craig*, 329 S.W.2d 804 (Mo.App.1959) the court held written reports made by employees of *Kroger* were not subject to production by way of interrogatory and gave as one of the reasons for its holding that such reports would pertain to investigation and preparation for defense of a damage suit.

In this attempt to obtain the report, plaintiff does not rely on any rule of civil procedure. Plaintiff rests her claim only on the cases mentioned and on the subpoena power granted by Section 491.100 RSMo 1969, V.A.M.S. Because such report is privileged, it is not subject to discovery through the subpoena process for the reasons stated in *Flynn*.

Finding no merit in plaintiff's sole assignment of error, the judgment is affirmed.

All concur.