Ralph Eugene PORTER, Incompetent, By and Through James P. AYLWARD, Public Administrator, Appellant,

v.

Kenneth L. GOTTSCHALL, Administrator of the Estate of Peter D. Rende, Deceased, et al., Respondents.

No. 62427.

Supreme Court of Missouri, En Banc.

May 11, 1981.

**64**

Philip C. Ehli, John J. McFadden, Sr., Kansas City, for appellant.

John R. Gibson, Michael C. Manning, Thomas V. Bender, Robert G. Oberlander, Kansas City, for respondents.

HIGGINS, Judge.

The guardian of Ralph Porter brought an action in Count I against the administrator of the estate of Peter Rende for personal injuries received in an automobile accident and in Count II against Aetna Casualty and Surety Company and Harry Gallagher, its agent, for fraud in procuring a settlement of Porter's claim. The counts were severed for separate trials. The jury returned a verdict on Count I in favor of Rende's administrator; the court dismissed Count II against Aetna and its agent on the ground they could be liable to plaintiff only upon a finding in favor of plaintiff on Count I. Judgment was entered accordingly. The Court of Appeals, Western District, transferred the appeal by opinion per Turnage, J., because of the general interest and statewide importance of the question whether photographs taken in anticipation of litigation are discoverable. This Court holds that they are discoverable pursuant to Rule 56.01(b)(3). Reversed and remanded.

The accident occurred November 2, 1971, on a county road in Eastern Jackson County, Missouri. The surface of the road was mixed gravel and asphalt; there was not a delineated centerline. Rende was alone driving a pick-up truck, and Porter, accompanied by a small child, was driving an automobile.

The only testimony relating to the collision was that of a Jackson County Deputy Sheriff who arrived shortly after the accident. When he arrived, Porter was lying unconscious in the front seat of his automobile; he was incompetent to testify at trial. Rende died April 18, 1976, from causes unrelated to the accident. Although somewhat unsure of the details because of a six and one-half year lapse between the accident and the time of trial, the deputy testified concerning the location of skid marks, debris, and the vehicles after the accident. A small diagram of the scene drawn by the deputy the day of the accident indicated the point of impact was on Porter's side of the road.

An interrogatory filed with plaintiff's petition asked whether anyone had secured

photographs of the vehicles and the scene of the accident. The answer to the question was "no". The day of trial defendant Gottschall was granted leave to amend his answer to "yes". He produced a single photograph of Rende's vehicle and admitted that additional photographs of Porter's vehicle and the scene had been taken by a professional photographer at the instance of Aetna. The photographs were not attached, however, because Gottschall claimed they were privileged under *State ex rel. Terminal Railroad Association of St. Louis v. Flynn*, 363 Mo. 1065, 257 S.W.2d 69 (Mo. banc 1953). Plaintiff argued that Rule 56.-01(b)(3) entitled him to production of the photographs because he could show substantial need for the photographs and an inability to obtain the equivalent elsewhere. The trial court refused to order production on the ground plaintiff had not made a sufficient showing to warrant production.

In *State ex rel. Terminal Railroad Association of St. Louis v. Flynn, supra,* defendant, Terminal Railroad Association, sought by prohibition to prevent the court from requiring it to produce four photographs of the injured plaintiff as he lay next to railroad tracks. The Court held:

> [T]he photographs in question were privileged and not subject to discovery, because they were taken in preparation for the defense of reasonably anticipated litigation and as such they fall outside of the arena of discovery.

*Id.* at 1075, 257 S.W.2d at 75. *See also State ex rel. St. Louis Public Service Co. v. McMillian*, 351 S.W.2d 22 (Mo. banc 1961), which held surveillance photographs taken by defendant of plaintiff were not discoverable.

The question is whether photographs taken in anticipation of litigation, held privileged in *State ex rel. Terminal Railroad Association of St. Louis v. Flynn, supra,* are now discoverable under Rule 56.01(b)(3).

Mo.Const. art. V, § 5, grants the Supreme Court authority to establish rules of practice and procedure for all courts "which shall have the force and effect of law". Pursuant to this authority, the Court adopted Rule 56.01(b)(3), effective January 1, 1975, which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation * * * only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. * * *

Appellant contends that he made the required showing. Respondent counters that Rule 56.01(b)(3) applies only to discovery of items "otherwise discoverable" under Rule 56.01(b)(1) and that Rule 56.01(b)(1) permits discovery only of matters "not privileged." He argues that under *State ex rel. Terminal Railroad Association of St. Louis v. Flynn, supra,* photographs taken in anticipation of litigation are privileged and thus not discoverable pursuant to Rule 56.01 under any circumstances. In the alternative he argues that plaintiff failed to make the required showing.

In *State ex rel. Terminal Railroad Association of St. Louis v. Flynn, supra,* photographs were held privileged because they were taken in anticipation of litigation; they constituted work product. The adoption of Rule 56.01(b)(3) abrogated this work product privilege as it applied to documents and tangible items prepared in anticipation of litigation. Thus the once privileged photographs are no longer privileged; they are "otherwise discoverable" under Rule 56.01(b)(1).

Rule 56.01(b)(3), with the "force and effect of law," now permits the discovery of tangible items prepared in anticipation of litigation, including photographs, if substantial need for the items and an inability to obtain the substantial equivalent without undue hardship are shown. To the extent *State ex rel. Terminal Railroad Association of St. Louis v. Flynn, supra,* and *State ex rel. St. Louis Public Service Company v. McMillian, supra,* are inconsistent with Rule 56.01(b)(3), they are no longer to be followed.

The Court of Appeals determined, and this Court agrees that plaintiffs met the requirements of Rule 56.01(b)(3) and was entitled to receive the photographs. Porter had been incompetent since the date of the accident and had been unable to give an account of what happened. Although the record is silent concerning the child, apparently no information was obtained from him. Plaintiff informed the court that after the accident Porter's interests were represented by another attorney. That attorney had photographs taken at the scene and of the vehicles, and attached them to a brochure sent to Aetna for the purpose of trying to settle the claim. When present counsel attempted to locate the photographs given to Aetna, he was informed that they could not be found. Nor could former counsel locate the negatives. Because the photographs were not produced it is unknown what they might have shown. It is clear, however, that these were the only photographs which could have shown the position of the vehicles after the accident, the debris on the road, and possibly skid marks. The rough diagram drawn by the deputy and his testimony concerning events occurring more than six years before does not provide a substantial equivalent of the photographs or alleviate the substantial need for the photographs in preparation for trial.

Respondent argues that even if the court erred in failing to order production, the error was harmless. Without having the photographs before the Court, such a determination cannot be made. Although it is possible that the photographs would have been of no aid in preparation of the case, they may very well have been the best evidence of what occurred that day.

Appellant also urges the Court to abolish contributory negligence and substitute a comparative negligence system, an invitation declined by this Court in *Epple v. Western Auto Supply Co.*, 557 S.W.2d 253 (Mo. banc 1977). *See also Steinman v. Strobel*, 589 S.W.2d 293 (Mo. banc 1979).

The judgment is reversed and the cause remanded.

All concur.