STATE of Missouri ex rel. Gladys WILSON, Relator,

v.

Honorable Richard D. COPELAND, as Associate Circuit Judge of the 29th Judicial Circuit of Missouri, Respondent.

No. 13770.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 29, 1985.

E. Mitchell Hough, Dale L. Davis, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for relator.

William H. McDonald, James B. Condry, Rebecca B. Myers, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for respondent.

ORIGINAL PROCEEDING IN PROHIBITION

PER CURIAM:

This is an original action in prohibition. The sole question before the court is whether the respondent exceeded his jurisdiction in ordering production of documents pursuant to Rule 58.01 because the requests were over broad in that the documents and other things requested were not designated with the reasonable certainty required by Rule 58.01(b),[1] which in pertinent part reads as follows:

"... The request shall set forth the items to be inspected either by individual item or by category, *and describe each item* and category *with reasonable particularity....*" (Our emphasis.)

As we glean the facts from the records, documents and other papers before us, the action in which discovery is sought is an action for personal injuries sustained as a result of a gas explosion which occurred on June 18, 1982, in Jasper County. The injured plaintiffs brought suit against their gas supplier and their landlord. Other defendants, including the pipeline carrier of the gas, were joined at various times between July 1, 1982, and November 16, 1983. Williams Pipe Line Company is a common carrier of petroleum products, including liquified petroleum gas. It is averred, among other things, that Williams failed to stench the gas properly.

Williams was joined as a defendant by amendment of plaintiffs' petition on September 15, 1983. Williams was served and thereafter filed an answer on December 15, 1983. On the theory that it cannot be liable if the gas involved was properly stenched when it was taken from Williams' terminal at Carthage, Williams filed a number of requests for production of documents. The requests here in question are part of a set served upon the relator on February 8, 1984. By requests numbered 7, 8 and 9, Williams called upon defendant to produce for examination and copying:

1. References to rules are to Missouri Rules of Court (15th ed. 1984).

"7. Any and all documents, reports, statements, or any other written or transcribed material concerning the taking of gas samples from the tank which was located on the St. John's farm on June 18, 1982 at any time on and after June 18, 1982.

8. Any and all documents, reports, statements, or any other written or transcribed material concerning any tests done on any of the gas samples taken from the tank which was located on the St. John's farm on June 18, 1982 at any time on and after June 18, 1982.

9. Any and all documents, reports, statements, or any other written or transcribed material concerning any tests done on any appliance, appliance control, gas pipe, the tank, or any other item which was located on the St. John's farm premises on June 18, 1982 that is in any way connected with the allegations contained in plaintiff's third amended petition."

To reiterate, the question before the court is whether these three requests for production are so broadly drawn that they call for production of material which is not discoverable. In considering this question, we have looked to the federal authorities construing Fed.R.Civ.P. 26 and Fed.R. Civ.P. 34 as persuasive, to the extent those rules are similar to our Rules 56.01 and 58.01.

Rule 58.01 calls for specification of the documents or other things to be produced "with reasonable particularity." Requests for production which commence "[a]ny and all documents, reports, statements, or any other written or transcribed material ..." can scarcely be regarded as reasonably particular, even though the "designation" requirement of Rule 58.01(b) must be regarded as relative. See: *Paiewonsky v. Paiewonsky*, 50 F.R.D. 379, 381 (D.C.V.I. 1970); *Dynatron Corporation v. United States Rubber Company*, 27 F.R.D. 480, 481 (D.C.Conn.1961). If Williams Pipe Line's requests for production of Nos. 7, 8 and 9 were granted and taken literally, they would amount to a license to demand the entire content of relator's file, including matters which are privileged and not discoverable.

We decline to go further and discuss the limits of discovery; the limits upon the discoverability of an adversary's work product are set out in Rule 56.01(b)(3) and were restated in *Porter v. Gottschall, etc.*, 615 S.W.2d 63 (Mo. banc 1981); the nature of the attorney-client privilege which is protected from discovery was fully discussed in *State ex rel. Great American Insurance Company v. Smith*, 574 S.W.2d 379 (Mo. banc 1978). And, if it is the opinion of experts which Williams Pipe Line is after; it is to be recalled that discovery of the opinions of experts whom one's adversary expects to call is considerably more limited than that contemplated by the present federal rules of discovery. We are confident that after defendant Williams Pipe Lines' first set of interrogatories is answered, counsel will know how to proceed properly and expeditiously.

For the reasons stated, our provisional rule in prohibition is made absolute.

All of the Judges concur.