The **MAY DEPARTMENT STORES COMPANY** and **Sharon Lutz, Relators,**

v.

The Honorable Brendan **RYAN**, Judge of the Missouri Circuit Court, 22nd Judicial Circuit, St. Louis, Missouri, Respondent.

No. 50429.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 8, 1985.

Riethmann and Soebbing, Ralph K. Soebbing, St. Louis, for relators.

James S. Collins, II, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

We have previously issued a preliminary writ prohibiting the respondent-judge from enforcing his order compelling relators to produce an incident report. We now make the writ absolute.

The underlying action is one for false imprisonment brought by Maria Sanfilippo. She was allegedly detained for investigation of shoplifting by Sharon Lutz, an employee of The May Department Stores Company, on January 29, 1983. On that same date, Lutz prepared an incident report entitled "SECURITY CASE REPORT," with the word "CONFIDENTIAL" beneath the main heading. This report was transmitted to the May Company's liability insurer, Liberty Mutual Insurance Company.

Relators objected to the plaintiff's motion to produce numerous documents, including this report. Respondent ruled that the report was subject to discovery. Relators then filed their application for a writ of prohibition in this court. They argue that the report is attorney work product and hence non-discoverable absent a showing of hardship by plaintiff, and alternatively, relators contend that the report falls under the insurer-insured/attorney-client privilege. We agree with relators on both alternatives.

The public policy surrounding the attorney-client privilege has been a subject of extensive legal writing. In Sedler & Simeone, *Privileges in the Law of Evidence: The Realities of Attorney-Client Confidences*, 24 Ohio St.L.J. 1, 53–54 (1963); the authors state that the privilege "is socially desirable with a view toward effective functioning of attorney-client relationships to assure the client of secrecy in his com-

munications with the attorney." The authors also opine:

> As long as our society recognizes that advice as to matters relating to the law should be given by persons trained in the law—that is, by lawyers—anything that materially interferes with that relationship must be restricted or eliminated, and anything that fosters the success of that relationship must be retained and strengthened.

*Id.* at 3 (footnote omitted). Our state Supreme Court has fully accepted this viewpoint; *see State ex rel. Great American Ins. Co. v. Smith,* 574 S.W.2d 379, 383 (Mo. banc 1978).

Rule 56.01(b)(1) excludes from discovery any privileged matter, without exception. The shield from discovery under the "work product doctrine" (Rule 56.01(b)(3)), however, is not so broad.

> "Work product" is a qualified immunity under Rule 56.01(b)(3). It denies to one's adversary materials "prepared in anticipation of litigation or for trial by or for another party, or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) ...," except upon a showing that the party seeking discovery "has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

*State ex rel. J.E. Dunn Construction Co. v. Sprinkle,* 650 S.W.2d 707, 710 (Mo.App. 1983). In other words, an attorney may not sit in a rocking chair and then blithely appropriate opposing counsel's efforts through discovery procedures.

Subsections (b)(1) and (b)(3) of Rule 56.01 have different, but sometimes overlapping, applications. The discovery of work product, limited by a showing of hardship, relates to documents and tangible things obtained or produced in anticipation of and preparation for litigation. This provision of the rule specifically applies to materials prepared for or by the other party's representative. Excluded under subdivision (b)(1) of the rule, however, from even this limited discovery are matters non-discoverable as privileged. Thus, any professionally oriented communication between attorney and client is absolutely privileged, in the absence of waiver, regardless of the anticipation of litigation. *Bussen v. Del Commune,* 239 Mo.App. 859, 199 S.W.2d 13, 21 (1947). Therefore, even though need and hardship be shown, and no such showing has been made here, Rule 56.01(b)(3) does not authorize discovery of communications between client and attorney whether made in anticipation of litigation and preparation for trial or not.[1]

An existing insured-insurer relationship, whereby an insured is contractually obligated to report promptly covered incidents to the insurer who in turn is obligated to defend and indemnify the insured, is similar to an attorney-client relationship insofar as discovery is concerned. Any communication between insured and insurer which relates to the former's duty to report incidents and the latter's duty to defend and to indemnify falls within the attorney-client privilege and is excluded from discovery under Rule 56.01(b)(1). *State ex rel. Cain v. Barker,* 540 S.W.2d 50, 53 (Mo. banc 1976). The opinion in *Cain* contains a thorough explanation of the public policy considerations underlying such a conclusion, which need not be repeated here. Suffice it to say, *Cain* surrounds the insured-insurer relationship with the same cloak of privileged confidentiality that protects the communications between attorney and client from discovery. Thus, a report made by an employee to his employer concerning the details of an incident, which is transmitted to the employer's attorney or insurer, is within the confi-

---

**1.** We do not address the issue of the over-broadness of the request for production in the instant case as reflected by the "any and all" language thereof, because the parties have focused upon the incident report prepared by defendant Lutz.

But see *State ex rel. Wilson v. Copeland,* 685 S.W.2d 252 (Mo.App.1985) which holds such catch-all requests violate the particularity requirements of Rule 58.01.

dential communication privilege and is not subject to discovery, absent a waiver.

In the seminal case of *State ex rel. Terminal Railroad Association v. Flynn*, 363 Mo. 1065, 257 S.W.2d 69 (Mo. banc 1953), the Supreme Court, quoting from 58 Am. Jur. 282, *Witnesses*, Sec. 503, stated:

"A statement concerning an accident obtained by an employer from his servant for the bona fide purpose of being later transmitted to the employer's attorney for advice, or to be used by the attorney in connection with pending or threatened litigation, is privileged, because it is part of the communication from the client to his counsel. The same is true of a statement by the accredited agent of a corporation, giving his account of an accident for use of counsel in pending or threatened litigation...."

*Id.*, 257 S.W.2d at 73.

Despite this quoted language respondent argues that *Flynn*, which concerned the production of photographs taken by an employee of defendant at the scene of an accident, is not authoritative in this case concerning an employee's written report to her employer. Perhaps some confusion may exist by reason of the fact the court in *Flynn* referred to privilege and to work product interchangeably. It must be remembered that prior to 1975 there was no need to distinguish between the two concepts because both were absolutely excluded from discovery. In that year the limited exception to the work product exclusion, set forth in Rule 56.01(b)(3), first became effective. Privileged matters, however, remain absolutely non-discoverable. Rule 56.01(b)(1). When viewed in the light of the present rule, *Flynn* is a work product case concerning production of tangible things, photographs, made in anticipation of litigation.

However, just three months after handing down the *Flynn* opinion, the Supreme Court of Missouri cited that case as authority in upholding the denial of a request for production of a communication between an attorney and his client. *Martin v. Lingle Refrigeration Co.*, 260 S.W.2d 562, 566 (Mo.1953). Similarly, *Flynn* has more recently been cited as authority for the exclusion from discovery of employee prepared incident reports; *see State ex rel. St. Louis Little Rock Hospital v. Gaertner*, 682 S.W.2d 146, 149 (Mo.App.1984); and *Lindberg v. Safeway Stores, Inc.*, 525 S.W.2d 571, 572 (Mo.App.1975). Thus, even though the quoted language from *Flynn* regarding privileged communications may be characterized as dicta, it has been confirmed and adopted in numerous decisions and it remains the unchallenged law of this state.

In *Porter v. Gottschall, Inc.*, 615 S.W.2d 63 (Mo. banc 1981), it was recognized that to the extent *Flynn* related to work product, it was inconsistent with the new Rule 56.01(b)(3). The Supreme Court ruled that *Flynn* should no longer be followed "if substantial need for the *items* and an inability to obtain the substantial equivalent without undue hardship are shown." *Id.* at 65. (emphasis added). *Porter* is of no aid to respondent here for two reasons. First, plaintiff in the underlying action has made no showing of substantial need or inability to obtain the substantial equivalent by other means. In *Porter*, one party to the accident was incompetent and the other dead. Therefore, photographs of the scene of the accident in possession of an insurer were within the exception to the work product exclusion set forth in Rule 56.01(b)(3). Here the plaintiff seeks a report concerning an incident about which she herself can testify. There is no showing that defendant Lutz, who prepared the report, is unavailable. Plaintiff has demonstrated neither a need nor an inability to obtain substantially equivalent evidence. Second, the report involved herein is privileged by virtue of the insurer-insured/attorney-client privilege. Therefore, even were the plaintiff in the underlying case at bar to make the requisite showing of need and undue deprivation, the incident report still would not be discoverable.

Respondent also challenges relators' assertion that the report was prepared in anticipation of litigation. Clearly, it was.

"A report to a liability insurer can have no purpose other than use in potential litigation." *McCormick on Evidence* § 96, at 224 (3rd ed. 1984). Over 30 years ago the Missouri Supreme Court characterized as "naive" one who failed to recognize that litigation would ensue after a serious injury. *State ex rel. Terminal Railroad Association v. Flynn*, 257 S.W.2d at 74. In concluding that a written report of an employee to his employer regarding an accident was made for potential use in future litigation, the Western District in *Lindberg v. Safeway Stores, Inc.*, 525 S.W.2d at 572, referred to the "realities of the situation." In *State ex rel. Kroger Company v. Craig*, 329 S.W.2d 804, 807 (Mo.App.1959), the Southern District reached a similar conclusion. Today, in what is frequently called the most litigious society in the history of mankind, we would indeed be naive and unrealistic if we failed to agree with our brethren that a written report of an employee to his employer of any untoward incident is required because of potential litigation.

This conclusion is buttressed by the *Flynn* court's discussion of the distinction between acts required of employees as part of a company's ordinary business, and those performed in anticipation of litigation. *See* 257 S.W.2d at 74–75. The defendant in *Flynn* was a railroad, and the court refused to declare that picture taking at the scene or at the accident was part of the railroad's ordinary business.

> Plaintiff offered no evidence tending to show that the taking of the photographs in question was a part of the ordinary and usual course of defendant's business in the operation of a railroad or that the taking of the photographs was in anywise intended to facilitate the operation of such railroad or to further its interests as such. Instead, plaintiff's own evidence showed that the photographs were taken, developed and delivered to defendant's claim department. Further, it clearly appears that defendant could reasonably anticipate litigation in view of the injuries sustained by plaintiff.

*Id.*, 257 S.W.2d at 74. Similarly in the case at bar, the written report concerning the temporary detention of a customer does no more to facilitate the ordinary and usual business of a retail store than does the taking of photographs at the scene of an accident facilitate the operation of a railroad.

We have not hesitated to order the production of employee prepared incident reports where the record shows such reports to have been made for purposes other than anticipated litigation, and where the transmittal of such reports to an insurance company is unrelated to the insurance coverage and the defense of a potential lawsuit. In *State ex rel. Little Rock Hospital v. Gaertner*, 682 S.W.2d 146 (Mo.App. 1984), we held an incident report prepared by an employee and forwarded to an insurance company was subject to discovery. However, as opposed to the facts in the instant case, the report in *Little Rock Hospital*, was prepared as part of a computerized future loss prevention program, not with a view toward potential litigation. The report form expressly stated that it was "not a notice of loss." Rather, it was made and used in the ordinary course of the hospital's business as a means of accident prevention. Therefore, the report was neither privileged, as it was not prepared or transmitted pursuant to the insurance or indemnity agreement, nor was it work product, as it was not made in anticipation of litigation. Here, the converse is true in both respects.

Finally, we decline respondent's suggestion that we indulge in speculation that the report may have been made or used for purposes other than anticipated litigation. The report was transmitted to the insurer and is presently in the hands of relators' defense counsel. The mere possibility that it could also be used for other purposes, such as transmittal to a prosecuting attorney for the instigation of criminal proceedings, does not destroy its protected status. Evidence that it was actually used in this or similar manner may destroy the confidentiality of the report and thus con-

stitute a waiver of the privilege. However, there is no such evidence in this case.

The preliminary writ is made absolute.

SATZ and KAROHL, JJ., concur.