**STATE of Missouri ex rel. Peggy TILLMAN, Relator,**

v.

**The Honorable Fred W. COPELAND, Respondent.**

**No. SD 29168.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 17, 2008.

Frank C. Bertrand III, Cape Girardeau, for Relator.

Daniel H. Rau, Cape Girardeau, for Respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

### NANCY STEFFEN RAHMEYER, Judge.

Peggy Tillman ("Relator") was in a vehicle with her son, John McAnulty ("Plaintiff"), when they were involved in an accident. Plaintiff was injured and sued Relator, who had an insurance policy with Consumers Insurance to provide a defense for Relator. Plaintiff alleges Relator made statements to her insurance carrier at the time of the accident and propounded a Request for Production of Documents upon Relator seeking "copies of written statements of [Relator]." Relator filed an Objection to Plaintiff's Request for Production of Documents "for the reason that copies of written statements of [Relator] are work product and/or privileged communication between [Relator] and [Relator's] counsel and insurer." Plaintiff filed a motion to compel and alleged that the statements were "not work product and/or privileged communication between [Relator] and [Relator's] counsel and insurer."

At the hearing on the motion to compel, Plaintiff's counsel stated that during the discovery phase of the case:

[C]ounsel for [Relator] advised me that the insurance company had great concerns about this case and thought that the story that [P]laintiff and [Relator] were telling wasn't really true, that it didn't happen. And, part of the reasons why they have concerns about the case, is, what, as advised by counsel, was, that [P]laintiff doesn't have a drivers license, so they think [P]laintiff was driving when the accident occurred, and sustained the injury rather than [Relator] driving. The depositions were taken, both [P]laintiff and [Relator] testified that [Relator] was operating the vehicle. Also [P]laintiff and [Relator] both testified that they have provided their statements to an insurance adjustor. Now, it appears as though the case is then going to hinge on the credibility of the parties involved. Since the case is going to turn on the credibility of the parties, of [P]laintiff and [Relator], it is important in case preparation for me to understand what any prior statements were. Inconsistencies in those statements is an indication of the witnesses' credibility. This statement could be used at trial to impeach [Relator] if that statement tells a different story than what [Relator] testified to at trial.

Plaintiff further argued to the trial court that Rule 56.01 [1] allows Plaintiff to obtain the statements because the statements were important for case preparation and they could not be obtained through other means. Respondent countered that the statements were privileged and not subject to discovery under Rule 56.01. The trial court found "that the plaintiff has substantial need of said statements in preparing for trial and cannot obtain same without the Court sustaining said motion to compel." Implicitly then, the trial court found the documents to be work product and not privileged. Relator brought this petition for a writ claiming the statements were privileged; this Court entered a preliminary order prohibiting the trial court from enforcing its order compelling Relator to produce statements made to her insurance company.

We review the trial court's administration of the rules of discovery for an abuse of discretion. *Ratcliff v. Sprint*

---

1. All rule references are to Missouri Court Rules (2008), unless otherwise specified.

*Missouri, Inc.*, 261 S.W.3d 534, 543 (Mo. App. W.D.2008). Rule 56.01(b)(1) excludes from discovery any privileged material. *May Dept. Stores Co. v. Ryan*, 699 S.W.2d 134, 136 (Mo.App. E.D.1985). Privileged material is any professionally-oriented communication between attorney and client regardless of whether it is made in anticipation of litigation or for preparation for trial. *Id.* To be privileged, the communication must be made in order to secure legal advice. *St. Louis Little Rock Hosp., Inc. v. Gaertner*, 682 S.W.2d 146, 150 (Mo. App. E.D.1984). The privilege is absolute. *May*, 699 S.W.2d at 136. Therefore, even if an adversary can show a need for the material and hardship in acquiring it, discovery of the privileged communication is not authorized. *Id.* "[T]he refusal to forbid discovery of matters which are privileged or work product,[2] is an act outside the court's jurisdiction and an abuse of discretion." *St. Louis Little Rock Hosp., Inc.*, 682 S.W.2d at 148.

In contrast to Rule 56.01(b)(1)'s absolute immunity for privileged material, Rule 56.01(b)(3) grants only a qualified immunity for work product. *May*, 699 S.W.2d at 136. Rule 56.01(b)(3) states:

Subject to the provisions of Rule 56.01(b)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under Rule 56.01(b)(1) and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative, including an attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the adverse party is unable without undue hardship to obtain the substantial

equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. For purposes of this paragraph, a statement previously made is: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, audio, video, motion picture or other recording, or a transcription thereof, of the party or of a statement made by the party and contemporaneously recorded.

 Although privileged materials do not have to be prepared in anticipation of litigation to qualify as privileged, in order for materials to qualify as work product, they must be prepared in anticipation of litigation. *St. Louis Little Rock Hosp., Inc.*, 682 S.W.2d at 150. The term "work product" includes two types of work product—"tangible work product (consisting of trial preparation documents such as written statements, briefs, and attorney memoranda) and intangible work product (consisting of an attorney's mental impressions, conclusions, opinions, and legal theories—sometimes called opinion work product)." *State ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. O'Malley*, 898 S.W.2d 550, 552 (Mo. banc 1995). Tangible work product may be discoverable if the party seeking discovery has shown a substantial need for the materials in the preparation of its case and that the party is unable

---

**2.** The use of work product in this quote may appear to be overbroad. The work product that is outside the court's jurisdiction and an abuse of discretion is the discovery of intangible work product.

without undue hardship to obtain the substantial equivalent of the materials by other means. Rule 56.01(b)(3); *O'Malley*, 898 S.W.2d at 552. Rule 56.01(b)(3) does not permit the discovery of intangible work product even if the party seeking it has a substantial need for it. *O'Malley*, 898 S.W.2d at 552–553. Moreover, Rule 56.01(b)(1) still excludes privileged material from discovery even if the requirements of the exception to the work product protection are satisfied. *May*, 699 S.W.2d at 136–37.

The Missouri Supreme Court recognized an insurer-insured privilege in *State ex rel. Cain v. Barker*, 540 S.W.2d 50 (Mo. banc 1976). In *Cain*, the relator was in a car accident with Miller and Miller died. *Id.* at 51. The relator made verbal and written statements about the accident to an insurance adjuster who worked for the liability insurance company that provided coverage to the relator. *Id.* The plaintiff, a representative of Miller's estate, sought on the basis of Rule 56.01(b)(3) the production of the relator's statements to his insurance company. *Id.* at 51–52. The relator's attorney argued that at the time the relator gave the statements to the insurance adjuster, the adjuster was assisting the law firm of the relator's attorney in the investigation of the accident, and therefore, the statements were privileged. *Id.*

The *Cain* court noted that Rule 56.01(b)(1) authorizes discovery of matters not privileged, so if the communications by the relator to the insurance company came within the attorney-client privilege, they were not discoverable and a protective order should be entered. *Id.* at 52. The court then explained that in deciding whether the relator's statements were privileged, the court did not need to determine whether the statements were made at a time when an actual attorney-client relationship existed between the relator

and his lawyer who investigated the accident. *Id.* at 53. Instead, the court said that it was clear that an insurer-insured relationship existed between the relator and the insurance company when the statements were made, and "by reason of such relationship, the statements given by [relator] to his insurer fall within the protection of the attorney[ ]client privilege." *Id.* The court adopted the rule that

> "a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him and which is covered by his policy, is a privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and if the communication is intended for the information or assistance of the attorney in so defending him."

*Id.* at 54 (*quoting* 81 Am.Jur.2d *Witnesses*, section 194 (1976)).

The *Cain* court adopted this rule because the insured usually does not choose his own counsel either at the time of making the communication or during the course of litigation. *Id.* at 55. " 'Under such circumstances ... the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured.' " *Id.* (*quoting People v. Ryan*, 30 Ill.2d 456, 197 N.E.2d 15, 17 (1964)). Also, the insured should be encouraged to make full and accurate disclosures to his insurance carrier. *Id.* at 56. Because the *Cain* court held that the communications were privileged, it found it unnecessary to consider whether the plaintiff met the requirements of Rule 56.01(b)(3) by making a sufficient showing of substantial need and that she could not

obtain the equivalent information without undue hardship. *Id.* at 57–58.

The Eastern District of this Court reiterated the *Cain* court's holding in *May Dept. Stores Co. v. Ryan,* 699 S.W.2d 134, 136 (Mo.App. E.D.1985). After distinguishing between privileged material and work product, the *May* court explained that a communication between an insurer and insured which relates to the insured's duty to report incidents and the insurer's duty to defend and indemnify falls within the attorney-client privilege and is therefore excluded from discovery under Rule 56.01(b)(1). *Id.* The *May* court cited to *Cain* to support this assertion. The *May* court stated that according to *Cain,* the insured-insurer relationship is surrounded with the "same cloak of privileged confidentiality that protects the communications between attorney and client from discovery." *Id.* Because of this confidentiality, the *May* court held that a report made by an employee to his employer concerning the details of an incident, which is transmitted to the employer's insurer, is also a privileged communication that is not subject to discovery, absent a waiver. *Id.* at 136–37.

The Missouri Supreme Court followed *Cain* in *Grewell v. State Farm Mutual Automobile Insurance Co., Inc.,* 102 S.W.3d 33 (Mo. banc 2003). *Grewell* involved Mr. and Mrs. Grewell bringing an action against State Farm Mutual Automobile Insurance Company and their claims specialist (collectively, "State Farm"), in order to obtain access to their insurance file. *Id.* at 34. Mrs. Grewell was in a car accident with Mr. Kephart; both Mrs. Grewell and Mr. Kephart were insured by State Farm. *Id.* Mrs. Grewell's claims specialist indicated at first that she thought Mrs. Grewell was twenty percent at fault. *Id.* at 35. Mr. Kephart's claims specialist determined that Mrs. Grewell was fifty

percent at fault. *Id.* Subsequently, Mrs. Grewell's claims specialist changed her original determination that Mrs. Grewell was twenty percent at fault to a determination that she was fifty percent at fault. *Id.*

The Grewells sought the contents of their claims file so that they could review the material used by their claims specialist when she made her fault determination. *Id.* at 35. After only a portion of the requested material was given to them, the Grewells filed a declaratory judgment action seeking declaration of an insurer-insured relationship between the Grewells and State Farm. *Id.* The Grewells also requested the information that State Farm refused to release. *Id.*

State Farm countered by filing a motion to dismiss, arguing that Missouri law does not recognize a special relationship that requires a liability insurer to provide its claims files to an insured. *Id.* at 35. State Farm also argued that the work-product doctrine precluded them from giving the Grewells access to the file. *Id.* The trial court granted the motion to dismiss. *Id.* at 34.

The Supreme Court reversed the trial court's judgment. *Id.* at 34, 37. The court first set out the holding of *Cain.* *Id.* at 36–37. The court then stated that "[f]ollowing the direction of *Cain,* the Court recognizes [the Grewells'] insurance policy required [State Farm] to defend them when they became subject to a claim covered by that policy. As such, [the Grewells'] communications with [State Farm] are subject to a privilege analogous to that between an attorney and her client." *Id.* at 37. The court then held that an insured has a right of access to his liability insurance claims file just as a client has a right to his file held by his attorney. *Id.*

Thus, we are bound by *Cain* and its progeny. Any statements Relator made to

her liability insurance provider concerning an event which is the basis of a claim against her and which is covered by her liability insurance coverage policy were privileged communications. Because they were privileged, it is immaterial whether "the plaintiff has substantial need of said statements in preparing for trial and cannot obtain same without the Court sustaining said motion to compel." We make our preliminary order absolute.

BURRELL, P.J., concurs.

PARRISH, J., dissents in separate opinion.

JOHN E. PARRISH, Judge, dissenting.

I respectfully dissent. I also write separately to question the making of a verbatim record of an argument before a trial court directed to a pre-trial discovery motion.

The principal opinion includes a quotation from a verbatim transcript of a hearing on a pre-trial discovery motion by which plaintiff's counsel in the underlying action sought discovery of statements this relator made to her insurance carrier at the time of the accident that produced the litigation. The record does not reveal why a verbatim record was made. The purpose of a verbatim record is to make sworn testimony available for appellate review and, in the event specific objections are posed to that testimony, to record the objections on which the trial court based its rulings. The argument of an attorney directed to a pre-trial discovery motion can be recited on appeal by means of a written pleading. It is not necessary to incur the cost of taking down and transcribing attorneys' comments to a trial court that are not directed to litigated issues based on sworn testimony. The fact that a transcript was made in this case should not be

taken to mean that such a record is necessary or appropriate.

With respect to the merits of the prohibition action that is before this court, as I understand the principal opinion, it holds that any statement by an insured to his or her liability insurer concerning a claim that may be made against the insured, which the insurer is bound to defend, is privileged; that this is required by *State ex rel. Cain v. Barker*, 540 S.W.2d 50 (Mo.banc 1976), and cases subsequent to *Cain*, including *Grewell v. State Farm Mutual Automobile Ins. Co.*, 102 S.W.3d 33 (Mo.banc 2033). I do not interpret *Cain* or *Grewell* to be that inclusive.

The exception I take to the principal opinion's holding is based on the precise facts in *Cain*. In *Cain* the statements sought to be discovered "were obtained ... at the direction and under the supervision of the ... attorneys who were then representing [the declarant]." *Cain*, 540 S.W.2d at 52. The record in this case does not reveal that the statements of relator to which discovery was directed were made at the direction of an attorney or even in anticipation of litigation.

I am not convinced that *Grewell* applies to this case. *Grewell* dealt only with an insured's right to access his or her liability insurance claims file. *Grewell* acknowledged that an insured has the right to access such a file. However, *Grewell* specifically refrained from extending its holding to other issues. *Grewell* proclaimed, "While the attorney/client relationship carries with it numerous duties and privileges, the Court today refrains from recognizing all of those duties and privileges in the insured/insurer relationship." 102 S.W.3d at 37.

There being nothing in the record in this case specifying that the statements to which the discovery request was directed were taken at the direction or under the

supervision of attorneys employed by the relator's insurer, or likely to be employed by that insurer, I would hold that the preliminary order in prohibition this court entered was improvident. I would quash the preliminary writ.