Frederick R. PREWITT, Plaintiff,

v.

**NUMISMATIC FUNDING CORPORATION,**
Defendant.

No. 82–861C(2).

United States District Court,
E.D. Missouri.

Dec. 30, 1983.

Harry B. Wilson, St. Louis, Mo., for plaintiff.

F. Terrell Eckert, Jr., Chused, Bini, Kohn & Feldmann, St. Louis, Mo., for defendant.

MEMORANDUM

FILIPPINE, District Judge.

■ This matter is before the Court on the claim of the plaintiff, Frederick R. Prewitt, for attorneys' fees. Plaintiff brought this action under the Missouri Declaratory Judgment Act (the Act) §§ 527.-

010–527.130, R.S.Mo. Plaintiff was successful in his claim. The Act provides that "The Court may make such award of costs as may seem equitable and just." § 527.-100, R.S.Mo. It is well settled that attorneys' fees are recoverable as costs under § 527.100, R.S.Mo. *See Labor's Educational and Political Club v. Danforth,* 561 S.W.2d 339, 350 (Mo. banc 1977); *Bernheimer v. First Nat. Bank of Kansas City,* 359 Mo. 1119, 225 S.W.2d 745, 755 (Mo. banc 1950); *Von Seggern v. 310 West 49th St. Inc.,* 631 S.W.2d 877, 883 (Mo.App. 1982).

The plaintiff and defendant have submitted briefs and accompanying materials pursuant to the order of this Court. This Court has carefully reviewed the submissions made by both parties. On making a determination of the proper amount of attorneys' fees in this case the Court has considered the nature and complexity of the litigation and the quality of plaintiff's attorney's work.

The Court determines that the hourly rate charged by plaintiff's attorney to be reasonable and fair under the circumstances of this case. In addition, the Court finds that the time spent by plaintiff's attorney in preparation of the case to be reasonable. However, there exist two discrepancies between the statement prepared by plaintiff's attorneys for submission to this Court and the computer generated statements presented to this Court as evidence in support of the submissions.

■ The first discrepancy is in the submission for August, 1982. The submission indicates that $470.00 of attorney time was used in the preparation of plaintiff's case in August of 1982. The computer generated statement for that month, however, indicates only $404.50 of attorney time was used. The Court will accordingly reduce the total sum requested by plaintiff by $65.50, such amount being the difference between $470.00 submitted by plaintiff's attorney and the $404.50 indicated on the computer statement.

The second discrepancy occurs in the March, 1983, submission. The submission indicates $2,455.00 was charged as attorney time in relation to the case at bar. However, the computer generated statements indicate that only $1,951.50 was billed as attorney time. Accordingly, this Court will reduce the total sum requested by plaintiff by $503.50, this amount being the difference between $2,455 submitted by plaintiff's attorney and the $1,951.50 reflected in the computer generated statements.

Plaintiff has requested $6,384.33 in attorneys' fees; this sum is reduced by a total of $569.00, this being the sum of $65.50 and $503.50. Thus, plaintiff is entitled to $5,815.33 as reasonable attorneys' fees.

### JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff Frederick R. Prewitt shall have judgment against defendant Numismatic Funding Corporation on plaintiff's complaint, and that defendant Numismatic Funding Corporation at all relevant times bore the risk of loss on the coins involved in this dispute shipped by defendant on or about February 10, 1982, and that plaintiff owes defendant nothing with regard to that shipment of coins.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff shall have judgment against defendant on defendant's counterclaim.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiff Frederick R. Prewitt shall have judgment in the amount of $5,815.33 on plaintiff's claim for reasonable attorneys' fees against defendant Numismatic Funding Corporation and that costs be taxed against defendant.