## TEMPLE STEPHENS COMPANY, Respondent,

### v.

### Ronald WESTENHAVER, et al., Appellants.

### No. WD 40890.

Missouri Court of Appeals, Western District.

Aug. 29, 1989.

---

dent, Temple Stephens Co., a Missouri corporation, holding rezoning of appellants' property invalid and (2) the trial court's award of attorney fees in the amount of $21,049.19 plus costs to respondent and against the appellants. The judgment is affirmed in part and reversed in part and remanded.

The defendants Ronald Westenhaver, John Peters, James Glascock and Charles Roemer were general partners in the Rockbridge Development Partnership. The partnership was formed to develop a self-storage complex on a piece of land in south Columbia, Missouri (City).[1] The subject land was sold to the partnership by George and Ann Dexheimer and the Rockbridge Development Corporation. Mr. Roemer worked as an agent for the Dexheimers and the Rockbridge Development Corporation and originated the idea of developing the self-storage project.

Prior to the sale of the subject land to the partnership, the Dexheimers and the Rockbridge Development Corporation, through their agent Mr. Roemer, filed an application to rezone the property from C–1 (intermediate business district) to C–P (planned business district) zoning. Mr. Roemer oversaw the preparation of this application which, pursuant to Section 29–34(a)(3) of the Columbia City Code, required the filing of a petition and application for rezoning and a list of all landowners within lines drawn parallel to and 185 feet from the boundaries of the tract to be zoned. The City used the list to mail notice to property owners of the date and time of all public hearings pertaining to the rezoning application, an established procedure utilized by the City whenever rezoning applications are filed. Receipt of such notice also serves to inform the recipient of the commencement of the rezoning process regarding the identified real property. The list of landowners accompanying the Dexheimers' application failed to include respondent, Temple Stephens Co., owner of

Danieal H. Miller, Cleaveland and Miller, Columbia, for appellants.

Robert C. Smith and John L. Roark, Smith, Lewis, Beckett & Powell, Columbia, for respondent.

Before LOWENSTEIN, J., Presiding, and NUGENT and ULRICH, JJ.

ULRICH, Judge.

The appellants, Ronald Westenhaver, John Peters, James Glascock, and Charles Roemer, general partners of Rockbridge Development Partnership, appeal from (1) a declaratory judgment in favor of respon-

---

**1.** The City of Columbia was also a defendant in this lawsuit; no attorney fees were assessed against it. An appearance was entered on its behalf, but no brief was filed by the City and, therefore, all references to "appellants" will exclude the City.

approximately 26 percent of the land adjoining the land subject to rezoning.

Section 29–34(a)(4) of the Columbia City Code requires the City Director of Planning and Development (Director) to determine whether a rezoning petition and application is in compliance with the requirements of Section 29–34. The Director erroneously determined compliance of the Dexheimer application because Temple Stephens Co. had been omitted from the list of landowners. Because Temple Stephens Co. was not included on the Dexheimers' list, notice of the rezoning hearings was not mailed to it.

Other provisions for notice were complied with. Notice of the date and time of scheduled public hearings was given pursuant to Section 29–34(a)(4) which requires one notice in a newspaper of general circulation and the posting of a sign on the subject property at least fifteen days before a public zoning hearing. However, the City posted the sign in a location where it could not be observed from property owned by Temple Stephens Co. No agent or employee of Temple Stephens Co. had actual knowledge of either of these notices, and because Temple Stephens Co. did not know the Dexheimer application had been filed, it did not attend the public hearings held on March 7, 1985, by the City of Columbia Planning & Zoning Commission and on April 1, 1985, by the Columbia City Council. The court found that no officer, director or employee of the Temple Stephens Co. had actual knowledge of the rezoning prior to September 1986, eighteen months after the property was rezoned.

The trial court found that appellant, Mr. Roemer, intentionally omitted Temple Stephens Co. from the list of nearby landowners because he knew of its opposition to the project, and he knew that Temple Stephens Co. could file a written protest. City Code Section 29–34(b), which allows for such written protest, requires a "super majority," six out of seven members of the council, to approve a rezoning ordinance when protest is filed. A simple majority is required to approve a rezoning ordinance when no protest is filed.

On April 1, 1985, the City Council passed Ordinance Nos. 10520 and 10521, which purported to rezone the subject property and approve the Preliminary C–P Development Plan of the Rockbridge Self Storage Center. On May 20, 1985, Ordinance No. 10590 was passed approving the final C–P Development Plan. On September 2, 1986, the Dexheimers and the Rockbridge Development Corporation conveyed the subject property to the Rockbridge Development Partnership.

Temple Stephens Co. filed suit October 3, 1986, to challenge the rezoning. It sought a declaratory judgment invalidating the rezoning for procedural defects and its costs. At trial both parties made a record of the attorney fees expended.

Actions taken by a city in matters of zoning may be legislative or administrative in nature. Actions delegated by a municipality to a board or commission or retained to itself to enforce an ordinance are administrative. *Reynolds v. City of Independence*, 693 S.W.2d 129, 131 (Mo.App.1985). Administrative acts merely pursue an adopted plan. *Id.* at 132. Administrative acts affecting private rights are reviewable under the Administrative Procedure Act, Chapter 536 RSMo 1986, requiring analysis of the legality of the decision and determination whether substantial evidence supports the decision. § 536.140, RSMo 1986.

■ In rezoning the property, the City adopted a new policy or scheme, exercising its legislative function as opposed to its administrative function. *State ex rel. Kolb v. County Court of St. Charles*, 683 S.W.2d 318, 321 (Mo.App.1984); *compare, Sanbothe v. City of Olivette*, 647 S.W.2d 198, 203 (Mo.App.1983). Review of the court's decision is, therefore, pursuant to Rule 73.01(c) and the standard expressed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), requiring affirmation of the trial court's judgment unless substantial evidence does not support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *See also City of Ladue v. Horn*, 720 S.W.2d 745, 748 (Mo.App.1986).

The scope of judicial review in zoning matters is limited. The trial court may determine whether the action of the zoning authority was arbitrary or unreasonable. The reviewing court cannot substitute its opinion for the zoning authorities. *City of Ladue* at 747–48; *State ex rel. Kolb*, at 321.

■ Notice requirements imposed by ordinances facilitating rezoning real property afford affected landowners an opportunity to be heard before the issue is determined. *Bonds v. City of Webster Groves*, 432 S.W.2d 777, 783 (Mo.App.1968). The failure of a zoning authority to comply with notice requirements is unreasonable. The failure to provide notice to affected property owners pursuant to ordinance invalidates zoning ordinances. *State ex rel. Casey's General Stores v. City of Louisiana*, 734 S.W.2d 890 (Mo.App.1987); *Bonds*, 432 S.W.2d at 783; *Himmel v. Leimkuehler*, 329 S.W.2d 264 (Mo.App.1959).

■ The Columbia rezoning ordinance provided for notice. Columbia City Ordinance, Section 29–34(a)(4). The ordinance required publication, posting and submission of a list of identified property owners for the purpose of mailing notice to them. Although publication of the rezoning application filing in a local newspaper on a single occasion stated the time of the scheduled hearing and the posting of a single sign on the subject property by the City at a location not viewable from the Temple Stephens Co.'s property satisfied the notice requirements of City Ordinance, Section 29–34(a)(4), these notice requirements by themselves did not provide notice sufficient enough to obviate the requirement of City Ordinance Section 29–34(a)(3) to file a correct list of affected property owners to facilitate mailing notice to them.

Appellants concede that Mr. Roemer failed to list Temple Stephens Co. on the list of property owners filed with the rezoning application as required by City ordinance. Temple Stephens Co. did not receive notice of the rezoning application from the City by mail because its name had been omitted from the list. The trial court determined that Temple Stephens Co. did not have actual knowledge that the rezoning application had been filed until eighteen months after the property was rezoned.

Mr. Roemer's failure to provide an accurate list of affected property owners in full compliance with the City ordinance rezoning application requirements resulted in Temple Stephens Co. not having knowledge of the legal effort to change the zoning classification of the subject property. Thus, Temple Stephens Co. was not permitted the opportunity to exercise its right to protest the effort to rezone the subject property before the issue was decided, thereby "triggering" the super majority provision requiring six of seven voting councilmen to approve the rezoning application for rezoning to be effected. The rezoning was effected pursuant to the simple majority voting standard because no protest was filed.

The court determined that Mr. Roemer intentionally omitted listing Temple Stephens Co., an affected property owner, as required by ordinance. Substantial convincing evidence supports the court's finding. Mr. Roemer spoke to Mr. Stephens before filing the rezoning application. Mr. Stephens, President of the Temple Stephens Co., contrary to the testimony of Mr. Roemer, expressed opposition to rezoning the subject property. The trial court believed Mr. Stephens. This court must defer to the trial court's determination of the credibility of witnesses. *St. Charles County v. McPeak*, 730 S.W.2d 611, 612 (Mo.App.1987). The Temple Stephens Co. owned 26 percent of the property contiguous to the subject property and was, therefore, not a neighbor likely to be inadvertently omitted from a list of contiguous landowners. Mr. Roemer was not a novice. He had been in the real estate business for over twenty years. He had been employed by the assessor's office for five years. He expressed an understanding of zoning law and procedure and acknowledged that he obtained the advice of more experienced practitioners when he determined that their advice was needed. He understood the notice requirements and their practical effects. He was aware that contiguous land-

owners could protest rezoning applications, and he knew that a protest would invoke the super majority vote requirement for approval. He initiated the idea to place the mini-storage business on the property, and he obtained partners who, after the property had been rezoned, bought the property. He understood that the project's success was dependent on the property being rezoned.

The trial court invalidated the zoning ordinance because of noncompliance with notice requirements resulting from the wilful omission of the Temple Stephens Co. from the list of property owners to receive mailed notice pursuant to ordinance and practice. Substantial evidence supports the decision, the decision is in accordance with the weight of the evidence, and it correctly declares and applies the law. *Murphy v. Carron*, 536 S.W.2d at 31.

Appellants contest the trial court's award of attorney fees. Temple Stephens Co. asked for costs in its second amended petition but did not specifically ask for attorney fees. In Missouri, with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear his own attorney fees (American Rule). *Frey v. Huffstutler*, 748 S.W.2d 59, 65 (Mo.App.1988); *County Court of Washington County v. Murphy*, 658 S.W.2d 14, 16 (Mo. banc 1983); *Mayor, Councilmen, and Citizens, etc. v. Beard*, 636 S.W.2d 330, 331 (Mo. banc 1982). Rule 87.09, reciting the provisions of § 527.100, RSMo 1986, provides that in declaratory judgment actions the court can award costs as may be equitable and just. The word "costs" appearing in Rule 87.09 has been interpreted in several declaratory judgment cases presenting special circumstances to include attorney fees.[2] In the case of *Union Center Redevelopment Corp. v. Leslie*, 733 S.W.2d 6 (Mo.App.1987), a lessee brought an action to declare rights under an 1891 lease agreement purporting to lease to "[l]essee, its successors and assigns, for ... ninety-nine years ... and thereafter renewable forever upon the same terms and conditions," certain real property located in the City of St. Louis. The respondent, Union Center Redevelopment Corp. had, on August 10, 1984, sent a notice of renewal of the lease to appellants whereby respondent attempted to exercise its right to renew the lease for an additional ninety-nine years commencing June 1, 1990, all under the same terms and conditions as contained in the lease. The appellate court affirmed the trial court's judgment that renewal of the lease had been effected by respondent, and it affirmed the trial court's award of attorney fees of $25,000. This case is distinguished because appellants did not contest the award of attorney fees as a violation of the American Rule expressed in *Mayor, Councilmen, and Citizens, etc.*, 636 S.W.2d 330, and its progeny, and, as a result, the appellate court affirmed the award of attorney fees but did not consider the American Rule and whether "special circumstances" existed.

▪ The question presented is whether special circumstances exist to justify an award of attorney fees to Temple Stephens Co. as costs, pursuant to Rule 87.09, since no statute or contractual agreement exists authorizing an award of attorney fees. The declaratory judgment action initiated by Temple Stephens Co. sought and obtained a judgment declaring the invalidity of the rezoning of the subject property.

---

**2.** Courts have found special circumstances justifying the award of attorney fees in several cases where an ambiguity in a trust instrument required judicial interpretation to facilitate proper disbursement of the trust benefits, thereby benefiting the beneficiaries with the court's clarification. *See, e.g., Bernheimer v. First National Bank of Kansas City*, 359 Mo. 1119, 225 S.W.2d 745 (banc 1949); *Lang v. Mississippi Valley Trust Co.*, 359 Mo. 688, 223 S.W.2d 404 (1949). While originally courts were more inclined to award attorney fees under this statute where such fees would be paid out of a res, such as a trust, modern cases show a willingness to award them in other cases. *See, Labor's Educational & Political Club–Independent v. Danforth*, 561 S.W.2d 339 (Mo. banc 1978) (The court upheld a declaratory judgment holding the Campaign Finance & Disclosure Act unconstitutional and stated that attorney fees could be awarded in such a case pursuant to § 527.100 but refused to do so because costs are not assessable against the state); *Prewitt v. Numismatic Funding Corp.*, 577 F.Supp. 760 (E.D.Mo.1983) (The court stated that it is "well settled" that attorney fees are recoverable as costs under § 527.100.)

While this action directly benefited Temple Stephens Co., the invalidity of the ordinance rezoning the property affected the property owners contiguous to the subject property and the city government. The resulting opinion further clarifies the notice obligations contained in the City's zoning ordinances to the benefit of owners and prospective owners of property within the City. Temple Stephens Co. was deprived of its legal right to protest the rezoning application and to invoke the super majority vote requirement by the intentional conduct of Mr. Roemer. Temple Stephens Co. incurred attorney fee expenses which it would not have incurred except for Mr. Roemer's intentional omission of its name from the list of property owners filed with the rezoning application. Special circumstances exist supporting an award of attorney fees as costs within the meaning of Rule 87.09.

The trial court awarded attorney fees against all of the appellants because of their perceived wrongdoing and the perceived wrongdoing of their predecessors in title. While the intentional omission of Temple Stephens Co. from the list of property owners is a significant circumstance, all of the stated circumstances, considered together, identify them as special and justify the award of attorney fees as costs pursuant to Rule 87.09. Although the record contains substantial evidence supporting the court's finding of Mr. Roemer's misconduct, it does not contain substantial evidence that Mr. Peters, Mr. Glascock, or Mr. Westenhaver participated in Mr. Roemer's misconduct. Mr. Roemer spoke to Mr. Westenhaver and Mr. Glascock about rezoning procedures before he filed the rezoning application, but there is no evidence that Mr. Westenhaver, Mr. Glascock or Mr. Peters had knowledge of the omission of the Temple Stephens Co. name from the list of property owners until suit was filed. The record discloses that the partnership between Mr. Peters, Mr. Glascock, Mr. Westenhaver and Mr. Roemer occurred after the passage of the rezoning ordinance.

Since the evidence is insufficient to justify application of the special circumstances to Mr. Peters, Mr. Glascock, and Mr. Westenhaver as individuals, their liability for the assessed attorney fees as Mr. Roemer's partners is considered. Generally, a partnership is bound by the wrongful act of any partner acting in the ordinary course of the partnership's business or committed with the authority of the partners' copartners. § 358.130, RSMo 1986. Here, however, Mr. Roemer's intentional omission of Temple Stephens Co. from the required list of landowners accompanying the application for rezoning occurred before there was a partnership between the appellants. Mr. Roemer's act, therefore, was not done within the scope of the partnership's business, and Mr. Roemer could not have been acting with authority of nonexisting partners. The record is devoid of any evidence that Mr. Glascock, Mr. Westenhaver, and Mr. Peters had knowledge of Mr. Roemer's misconduct before suit was filed, and they, therefore, could not have ratified the misconduct. Although a partnership ordinarily acts through its individual members each partner acting as a principal for himself and as an agent for the partnership in respect to partnership matters, where one partner commits a wilful act not within the scope of agency or the partnership business, to which the other partners have not consented and which they have not ratified, the nonconsenting, nonratifying partners are not liable for the resulting harm. *Martin v. Yeoham*, 419 S.W.2d 937, 950–52 (Mo.App.1967). The partnership benefited by Mr. Roemer's misconduct, but this alone is not justification for an award of attorney fees under any partnership theory, nor is it a special circumstance justifying an award of attorney fees as costs pursuant to Rule 87.09. Therefore, the award of attorney fees against appellants Ronald Westenhaver, John Peters, and James Glascock is inequitable and unjust.

Temple Stephens Co. filed a motion with this court seeking additional attorney fees incurred in defending the appeal as permitted by § 527.100, RSMo 1986, or, alternatively, as a sanction against appellants as permitted by § 514.205, RSMo 1986, for filing a "frivolous appeal." This court has

considered Temple Stephens Co.'s motion and appellants' response. The motion is denied. An award of attorney fees on appeal pursuant to § 527.100, RSMo 1986, is not indicated, and the appeal is not frivolous, the appellants having presented a justiciable question.

That portion of the judgment invalidating City of Columbia Ordinances Nos. 10520, 10521, and 10590 rezoning the subject land is affirmed. That portion of the judgment awarding attorney fees in the sum of $21,094.19 is reversed, and the case is remanded with directions for the court to determine, consistent with Rule 87.09 and § 527.100, RSMo 1986, the amount of attorney fees to be awarded as costs to the Temple Stephens Co. and against Mr. Roemer that equity requires.

All concur.