BRIGHT, Circuit Judge,
concurring and dissenting.
I concur in the majority’s denial of damages to Metropolitan.
I dissent in the refusal to direct the district court to award something in the way of attorney’s fees to Metropolitan.
I recognize that under Missouri case law special circumstances must exist to justify any fee shifting. By virtue of this action, Metropolitan has provided the community, the state and the public with the following benefits flowing from the judgment:
1. invalidating the concession agreement and the manner of its adoption;
2. benefitting other transportation providers for the airport terminals;
3. benefitting the public by requiring competitive bidding; and
4. other tangential benefits to the public and to state and public entities arising from clarification of law relating to public bidding procedures.
Thus the litigation, in part, conferred a common benefit to others, as well as Metropolitan. Several Missouri cases suggest the appropriateness of an award of attorney’s fees to the successful plaintiff in this case. See Temple Stephens Co. v. Westenhaver, 776 S.W.2d 438, 442 (Mo.App.1989) (special circumstances existed where contiguous landowner incurred attorney’s fees in invalidating ordinance which affected city government and other contiguous property owners and court’s opinion clarified notice obligations contained in city ordinances to benefit of present and future property owners in city); Von Seggern v. 310 West 49th St., Inc., 631 S.W.2d 877, 883 (Mo.App.1982) (attorney’s fees particularly appropriate where question litigated was of general application).
I believe the Missouri courts in similar or analogous circumstances would allow attorney’s fees. Thus, I would require Kansas City to pay, at least in part, Metropolitan’s legal fees and other related expenses not otherwise taxed as costs of the action.