Charles GREWELL, et al., Appellants,

v.

**STATE FARM MUTUAL AUTOMO-
BILE INSURANCE CO., INC.,
et al., Respondents.**

No. SC 84896.

Supreme Court of Missouri,
En Banc.

April 22, 2003.

**34**

Bruce B. Brown, Kearney, for appellants.

Michael E. McCausland, Theresa S. Hall, Kansas City, for respondents.

RONNIE L. WHITE, Judge.

Charles and Linda Grewell (Appellants) sought access to their insurance claims file, which was maintained by State Farm Mutual Automobile Insurance Company and their claims specialist Neressa L. Wilkins (Respondents). The claims file originated as a result of an automobile accident involving Mrs. Grewell and Mr. James Kephart. Respondents denied Appellants' requests for much of the material that comprised the claims file. Appellants brought a declaratory judgment action pursuant to section 527.010, seeking the contents of the file.[1] Respondents filed a motion to dismiss for failure to state a claim. The trial judge dismissed Appellants' cause of action with prejudice. The judgment is reversed, and the case is remanded.

### I.

On May 1, 2000, Mrs. Grewell and Mr. Kephart were involved in a motor vehicle collision. After exchanging information, they discovered that they were both insured by State Farm Mutual Automobile Insurance Company. The following day, Respondent Wilkins was assigned as the claims specialist for Mrs. Grewell. Ms. Wilkins' duties as claims specialist includ-

---

1. All statutory references cite to RSMo 2000 unless otherwise indicated.

ed representing Mrs. Grewell as to any claims that might result from her involvement in the accident. Mr. Tom Prawl was assigned as claims specialist for Mr. Kephart.

As part of her duties as Appellants' claims specialist, Respondent Wilkins conducted an initial review of the accident and indicated to Appellants that she felt Mrs. Grewell was twenty percent at fault. On June 12, 2000, Mr. Prawl, fulfilling his duties as claims specialist for Mr. Kephart, determined that Mrs. Grewell was at least fifty percent at fault for her failure to yield. On August 31, 2000, Respondent Wilkins, in a letter to Appellants' attorney, changed her original twenty percent determination of fault, without explanation, ultimately determining that Mrs. Grewell was fifty percent at fault.

Appellants disputed Respondent Wilkins' changed assessment of Mrs. Grewell's fault and requested the contents of their claims file so that they could review the material used in Respondents' fault determination process. Respondents denied that request, asserting that they were "unable to release our file contents for your review as [it] is considered work product."

On October 20, 2000, Appellants notified Respondent Wilkins of their disagreement with her determination that Mrs. Grewell was fifty percent at fault in the accident. Included in that notice was a request for the full contents of the claims file.[2] On October 31, Respondents replied to Appel-

lants' request, providing only a partial disclosure of the information requested.

On December 20, 2000, Appellants filed a declaratory judgment action, seeking the declaration of an insurer/insured relationship between Appellants and Respondents. Further, Appellants sought an order requiring Respondents to produce any and all information that they had previously refused to release and all information obtained in the future while acting on behalf of Appellants. Appellants also sought attorney fees, costs and punitive damages for Respondents' wrongful conduct in forcing Appellants to file suit.

Respondents countered by filing a motion to dismiss. Respondents' basic assertion was that Missouri law does not recognize a special relationship that would require a liability insurer to provide the insured with access to its claims files. Respondents also asserted that the work product doctrine precluded them from revealing the content of the claims file to Appellants. Finally, Respondents contended that a declaratory judgment action was not the proper procedural mechanism to attain such information and that neither attorney fees nor punitive damages were available to Appellants for Respondents' refusal to disclose the desired information.

## II.

A motion to dismiss for failure to state a cause of action is an assertion that, while taking all factual allegations as true, plaintiff's pleadings are insufficient to es-

2. Specifically, Appellants requested: (1) any statements of Appellants to Respondents, (2) names and addresses of all witnesses to the accident, (3) statements of all witnesses obtained by Respondents or those acting in concert with Respondents, (4) names of all persons acting on behalf of Respondents in relation to the investigation of the underlying accident, (5) pictures of the vehicles and accident scene, (6) any measurement of the accident scene, (7) transcripts of any proceeding or meeting relating to the accident and the names of all parties present at those meetings, and (8) any and all other facts that were relied upon in Respondents' determination of Appellants' fault.

tablish a cause of action.[3]

> [It] is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.[4]

The petition is sufficient to withstand the motion if it "invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial."[5] It should not be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact.[6]

### III.

In the present case all issues for review concern the interpretation and application of the law to the facts, and those facts are undisputed by the parties. Accordingly, the trial court's interpretation receives no deference on review.[7] This Court will reach its own conclusions as to the correct interpretation and application of the law.

In order to maintain a declaratory judgment action, Appellant must satisfy four requirements. First, Appellant must demonstrate a justiciable controversy exists that presents a real, substantial, presently existing controversy as to which specific relief is sought.[8] Appellant must also demonstrate a legally protected interest directly at issue and subject to immediate or prospective consequential relief.[9] Third, the question presented by Appellant must be ripe for judicial determination. Finally, Appellant must also demonstrate that he or she does not have an adequate remedy at law.[10]

In their petition, Appellants allege a right to the free and open access of their liability insurance claims file that stems from the insurer/insured relationship established with Respondents. The insurer/insured relationship, while admittedly and distinctly different, can be analogized to the relationship established between attorney and client.

In *State ex rel. Cain v. Barker*, this Court expressly recognized the insurer/insured relationship and its similarity to the attorney/client relationship.[11] Specifically, the Court stated that:

> a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him covered by the policy, is a

---

**3.** *Reynolds v. Diamond Foods & Poultry, Inc.*, 79 S.W.3d 907, 909 (Mo. banc 2002).

**4.** *Bosch v. St. Louis Health Care Network*, 41 S.W.3d 462, 464 (Mo. banc 2001), citing *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993).

**5.** *Bracey v. Monsanto*, 823 S.W.2d 946, 951 (Mo. banc 1992), *Fischer, Spuhl, Herzwurm & Associates Inc. v. Forrest T. Jones & Co.*, 586 S.W.2d 310, 315 (Mo. banc 1979).

**6.** *Merriman v. Caton*, 395 S.W.2d 106, 109 (Mo.1965).

**7.** *Bradley v. Mullenix*, 763 S.W.2d 272, 275 (Mo.App.1988).

**8.** *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 479 (Mo.App. 2001), citing *City of St. Louis v. Milentz*, 887 S.W.2d 709, 711 (Mo.App.1994).

**9.** *Id.*

**10.** *Id.*

**11.** *State ex rel. Cain v. Barker*, 540 S.W.2d 50 (Mo. banc 1976).

privileged communication, as being between attorney and client, if the policy requires the company to defend him through its attorney, and the communication is intended for the information or assistance of the attorney in so defending him.[12]

Following the direction of *Cain*, the Court recognizes Appellants' insurance policy required Respondents to defend them when they became subject to a claim covered by that policy. As such, Appellants' communications with Respondents are subject to a privilege analogous to that between an attorney and her client.

The emergence of this privilege between the insured/insurer also brings with it some of the additional protections that the attorney/client relationship has traditionally provided. At issue in the case at bar is the client's access to her file. When considering a client's access to their file, this Court has previously stated that the client's files belong to the client, and not to the attorney representing the client.[13]

Here, Appellants' insurance claims file, held by Respondents, is analogous to the file of a client held by an attorney. Appellants' communication with Respondent Wilkins related to and concerned their potential liability resulting from the automobile accident with Mr. Kephart, and, as such, those communications became subject to an attorney/client type privilege. Once their relationship attained that protected status, any claims file that resulted belonged to Appellants, and they should be provided free and open access to that file.

While the attorney/client relationship carries with it numerous duties and privileges, the Court today refrains from recognizing all of those duties and privileges in the insured/insurer relationship. However, the Court does acknowledge an insured's right of access to his or her liability insurance claims file. As such, when Appellants requested, and were subsequently denied their rightful access to their claims file, the declaratory judgment action that they subsequently filed contained adequate allegations to survive Respondents' motion to dismiss.

## IV.

The judgment is reversed, and the case is remanded.

LIMBAUGH, C.J., BENTON, STITH, PRICE and TEITELMAN, JJ., and NORTON, Sp. J., concur.

WOLFF, J., not participating.

---

**12.** *State ex rel. Cain v. Barker*, 540 S.W.2d 50, 54 (Mo. banc 1976), citing Privilege of Communications or Reports Between Liability or Indemnity Insurer and Insured, 22 A.L.R.2d 659 (1952).

**13.** *In the matter of Gary M. Cupples*, 952 S.W.2d 226, 234 (Mo. banc 1997).