Charles I. GREWELL, et al., Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Neressa L. Wilkins, Respondents.

No. WD 64077.

Missouri Court of Appeals, Western District.

May 17, 2005.

Bruce B. Brown, Keaney, MO, for appellants.

Michael E. McCausland, Kansas City, MO, for respondents.

Before: HARDWICK, P.J., ULRICH and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

Charles and Linda Grewell appeal from a summary judgment, which denied their claims for attorney's fees and punitive damages against State Farm Mutual Automobile Insurance Company in this action for declaratory judgment and breach of fiduciary duty. Because we find there were genuine issues of material fact on both claims, we reverse and remand.

### FACTUAL AND PROCEDURAL HISTORY

Linda Grewell and James Kephart were involved in a motor vehicle collision on May 1, 2000. Both were insured by State Farm. The insurer assigned Neressa Wilkins as claims specialist for Mrs. Grewell, while Tom Prawl was assigned to Mr. Kephart. Ms. Wilkins initially assessed Mrs. Grewell's fault at twenty percent. Mr. Prawl assessed Mrs. Grewell's fault at fifty percent, after which Ms. Wilkins changed her assessment of Mrs. Grewell's fault to fifty percent.

Mrs. Grewell and her husband, Charles Grewell, objected to Ms. Wilkins' changed assessment of fault and requested the contents of their claims file. State Farm denied the request, asserting a work product privilege. Following the Grewells' second request for the file, State Farm provided a partial disclosure of the requested information.

In December 2000, the Grewells filed a declaratory judgment action, seeking declaration of a special relationship between the insured and insurer that would require full disclosure of the claims file. The petition sought punitive damages and recovery of attorney's fees. State Farm filed a motion to dismiss, asserting that Missouri did not recognize a special relationship between the insured and insurer. State Farm also argued the claims file was protected from disclosure under the work product doctrine. The trial court found no special insured/insurer relationship existed under Missouri law and dismissed the declaratory judgment action.

The Grewells appealed and, on transfer from the Court of Appeals, the Supreme Court reversed the dismissal and remanded the case. *Grewell v. State Farm Mut. Auto. Ins. Co.*, 102 S.W.3d 33, 36–37 (Mo. banc 2003). (*"Grewell I"*). The Court determined that when an insurance claim involves potential liability, the relationship between the insurer and insured attains a protected status analogous to that of the attorney/client relationship under Missouri law. *Id.* One of the protections arising from this special relationship is that the claims file belongs to the insured and not to the insurer. *Id.* at 37. Thus, the Court held that State Farm should provide the Grewells with "free and open access" to their claims file. *Id.*

Two months after the Supreme Court reversed and remanded the case, State Farm allowed the Grewells to review the entire claims file. The Grewells requested copies of several documents, totaling about seventy pages. State Farm provided copies of some of the claims file documents but did not release thirty-seven pages of activity logs and a two-page "Identification and Investigation Report." State Farm

contended the logs and investigation report were comparable to an attorney's work product and, thereupon, refused to provide copies of the documents.

In September 2003, while the case was still on remand, the Grewells filed an amended three-count petition against State Farm. In Count I, the Grewells sought a declaratory judgment that they were entitled to copies of all documents in the claims file based on the decision in *Grewell I*. In Count II, they sought recovery of attorney's fees during the appeal and on remand based on State Farm's continuing refusal to copy and release the claims file documents. In Count III, the Grewells asserted a claim for punitive damages based on breach of the fiduciary relationship between the insurer and insured.

The parties filed cross-motions for summary judgment on all three counts. The circuit court granted the Grewells' motion on Count I and ordered State Farm to provide copies of all documents in the claims file. The court granted State Farm's motion on Counts II and III, thereby denying the Grewells' request for attorney's fees and punitive damages. The Grewells appeal the summary judgment on Counts II and III.

### STANDARD OF REVIEW

Appellate review of a summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We do not defer to the order granting summary judgment because the circuit court's judgment is based on the record submitted and amounts to a decision on a question of law. *Id.* Our standard for reviewing the propriety of summary judgment is the same as that used by the circuit court

under Rule 74.04(c)(6) Mo.R.Civ.Pro. (2005): summary judgment can be granted when the moving party establishes that no genuine issue of material fact exists and the party has a right to judgment as a matter of law. *Id.*

For a movant who is the defending party in a lawsuit, the prima facie showing required by Rule 74.04 is necessarily different. *Id.* at 381. A defending party can establish a right to summary judgment by showing:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.*

### ATTORNEY FEES

In their first point on appeal, the Grewells contend the circuit court erred in granting State Farm's summary judgment motion on Count II because there were sufficient facts to support a claim for attorney's fees based on "special circumstances."

In Count II, the Grewells asserted a claim for attorney's fees under the Declaratory Judgment Act, § 527.010 et seq.[1] The Act authorizes the circuit court to award "costs as may seem equitable and just." § 527.100. However, costs under section 527.100 do not necessarily include at-

---

**1.** All statutory references are to Revised Statutes of Missouri (2005) unless otherwise noted.

torney fees. *DCW Enters., Inc. v. Terre du Lac Ass'n, Inc.,* 953 S.W.2d 127, 132 (Mo.App.1997). Rather, the "American Rule" applies to declaratory judgment actions. *Id.* The American Rule provides that, with few exceptions and absent statutory authorization or contractual agreement, each litigant must bear their own attorney's fees. *Windsor Ins. Co. v. Lucas,* 24 S.W.3d 151, 156 (Mo.App.2000).

Missouri courts have limited the American Rule exceptions to those cases involving "very unusual circumstances" or where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation. *David Ranken, Jr. Tech. Inst. v. Boykins,* 816 S.W.2d 189, 193 (Mo. banc 1991), (*overruled on other grounds, Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 911 (Mo. banc 1997)). Some courts have also referred to these situations as the "special circumstances" exception. *Id.*

Special circumstances have been found in very limited fact situations, usually to award attorney's fees to a trust beneficiary who has successfully pursued litigation beneficial to the estate as a whole. *DCW,* 953 S.W.2d at 132; see e.g. *Feinberg v. Adolph K. Feinberg Hotel Trust,* 922 S.W.2d 21, 26 (Mo.App.1996). Intentional misconduct served as the basis for an attorney's fee award in a zoning case where the defendant purposely omitted the plaintiff's name from a list of property owners so that the plaintiff would not receive proper notice of a zoning application. *Temple Stephens Co. v. Westenhaver,* 776 S.W.2d 438 (Mo.App.1989). The court found "special circumstances" existed because the plaintiff would not have incurred attorney's fees but for the defendant's intentional omission. *Id.* at 443. The Supreme Court has also recognized that special circumstances may arise if a defendant's conduct is frivolous, without

substantial legal grounds, reckless, or punitive. *Ranken,* 816 S.W.2d at 193.

In moving for summary judgment on Count II, State Farm asserted there were no "very unusual circumstances" to warrant consideration of attorney's fees as an exception to the American Rule. The Grewells responded that there were facts to support a finding of special circumstances based on State Farm's refusal to comply with the *Grewell I* mandate to provide free and open access to the claims file. The circuit court granted summary judgment and denied the attorney's fee claim on the ground asserted in State Farm's motion.

■ Upon review of the record, we find the facts were sufficient to create a genuine dispute regarding the existence of special circumstances. In *Grewell I,* the Supreme Court made it clear that an insurance claims file belongs to the insured. 102 S.W.3d at 37. The Court concluded State Farm should provide the Grewells with free and open access to their file. *Id.* Despite this holding, State Farm refused to release copies of certain file documents based on the work product privilege. State Farm had asserted the same privilege in *Grewell I* without success. State Farm also continued to assert the privilege even after it had been waived by allowing the Grewells to review the entire file. The factual circumstances reasonably supported the Grewells' allegation that State Farm's defense was frivolous, reckless, and without substantial legal grounds.

■ As discussed in *Ranken,* special circumstances can also arise when the breach of a legal duty causes the wronged party to become involved in collateral litigation. 816 S.W.2d at 193. Based on the nature of the protected relationship between the insurer and insured, State Farm had a duty to provide the Grewells unimpeded access to the claims file. The

breach of that duty necessitated an *amended* declaratory judgment action to affirm the Grewells' right to full disclosure of all documents in the file. These facts provide additional support for the attorney's fee claim based on special circumstances.

The circuit court erred in granting summary judgment on Count II because State Farm failed to negate an essential element of the attorney's fee claim. The Grewells presented a genuine issue of material fact as to whether there were special circumstances warranting an award of attorney's fees. The Count II judgment is reversed and remanded.

## Punitive Damages

In their second point on appeal, the Grewells contend the circuit court erred in granting State Farm's summary judgment on Count III because there were sufficient facts to support a claim for punitive damages based on breach of fiduciary duty.

■■■ To make a submissible case for breach of fiduciary relationship against State Farm, the Grewells had to present facts showing: (1) the existence of a fiduciary relationship between the parties, (2) a breach of the fiduciary duty, (3) causation, and (4) harm. *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo.App. 2000). Punitive damages may be awarded for breach of a fiduciary duty upon a clear and convincing showing that the defendant acted with evil motive and reckless indifference to the plaintiff's rights. *Norber v. Marcotte*, 134 S.W.3d 651, 662 (Mo.App. 2004); see also *Gibson v. Adams*, 946 S.W.2d 796, 804 (Mo.App.1997)(evidence of malicious and wanton conduct was sufficient to support punitive damages award for breach of fiduciary duty); *Fabricor v. E.I.DuPont de Nemours*, 24 S.W.3d 82, 97 (Mo.App.2000)(punitive damages require evidence of outrageous conduct resulting from evil motive or reckless indifference).

State Farm argues that the circuit court properly granted summary judgment on Count III because: (1) Missouri does not recognize a fiduciary relationship between the insurer and insured; and (2) the Grewells failed to present any facts showing the defendant's evil motive and reckless indifference.

■■■ The Grewells cite the holding in *Grewell I* as authority for the existence of a insured/insurer fiduciary relationship based on the similarities with the attorney/client relationship. The Grewells further contend the facts demonstrated outrageous, evil, and reckless conduct, in that State Farm's refusal to provide copies of the requested documents was directly contrary to the Supreme Court's holding that the claims file "belonged" to the Grewells and they should have free and open access to it. We agree with the Grewells that legal authority supports the existence of an insurer/insured fiduciary relationship and the facts were sufficient to avoid summary judgment on the punitive damages claim.

*Grewell I* did not formally declare that an insurer has a fiduciary duty to the insured, but that conclusion is a logical extension of the Supreme Court's reasoning. Given the nature of the insurer's responsibility to defend a claim for potential liability on behalf of the insured, the Court determined the insurer/insured relationship is "subject to a privilege analogous to that between an attorney and her client." 102 S.W.3d at 36. The Court further recognized that this privilege "brings with it some of the additional protections" the attorney/client relationship has traditionally provided, such as the client's access to his or her own case file. *Id.* Other Missouri cases have routinely recognized that the nature of an attorney's responsibility to the client creates a fiduciary relationship. *McRentals, Inc. v. Barber*, 62 S.W.3d 684, 696 (Mo.App.2001);

*Jo B. Gardner, Inc. v. Beanland,* 611 S.W.2d 317, 320 (Mo.App.1980). In determining the existence of a fiduciary relationship, the key question is whether or not trust is reposed with respect to the property or business affairs of another. *Shervin v. Huntleigh Sec. Corp.,* 85 S.W.3d 737, 741 (Mo.App.2002). When that question is posed in the context of the facts and holding in *Grewell I,* it seems apparent that an insurer, who is entrusted to defend a claim on behalf of the insured, acts in a fiduciary capacity.

█ The circuit court erred in granting State Farm's summary judgment motion on the basis that Missouri does not recognize a fiduciary relationship between the insurer and insured. *Grewell I* provides authority for such a relationship, and the Grewells presented facts to show State Farm breached its fiduciary duty by refusing to provide copies of the claims file maintained on behalf of the insured. The Grewells have also presented facts to create an inference of evil motive and reckless conduct, in that State Farm's conduct was directly contrary to the Supreme Court's instruction to provide the insured with unrestricted access to the file. Accordingly, there was a genuine issue of fact with regard to whether punitive damages should be awarded, and State Farm was not entitled to summary judgment on Count III.

### CONCLUSION

The summary judgment is reversed on Count II and Count III; the cause is remanded for further proceedings on the claims for attorney's fees and punitive damages in those counts.

All concur.